# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE BRAGEL and SHIRLEY BRAGEL, | |
| Plaintiffs, | CIVIL ACTION NO. 15-11567 |
| v. | |
| ADVANCE AUTO PARTS, INC., ADVANCE AUTO PARTS OF DORCHESTER, ATG CREDIT, LLC, and HSBC BUSINESS SOLUTIONS, | |
| Defendants. | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, the Defendant, ATG Credit, LLC ("ATG Credit"), hereby removes the above-captioned action to this Court based upon the following supporting grounds:

1.      On or about March 2, 2015, the above action was filed in the Trial Court of the Commonwealth of Massachusetts, Quincy District Court.  The caption of the Complaint is as follows:  *George Bragel and Shirley Bragel v. Advance Auto Parts, Inc., Advance Auto Parts of Dorchester, ATG Credit, LLC, and HSBC Business Solutions*, Civil Action No. 1556CV000269.

2.      A copy of the Plaintiffs' Complaint and all other process and pleadings served on ATG Credit is attached as Exhibit A.

3.      ATG Credit was served with the Complaint on or about March 23, 2015.[1]

---

[1] The "rule of unanimity" requiring "that in cases involving multiple defendants, each defendant must consent for removal to be valid," applies only "to other defendants who have been served."  *Sutler v. Redland Ins. Co.*, 2012 WL 5240124, at *3 (D. Mass. Oct. 24, 2012) (quotations omitted) (because an entity "was not a party and had not been served at the time the removal notice was filed, its consent is not a prerequisite to removal").  "Consent to the

4.      Removal is timely under 28 U.S.C. § 1446(b), as fewer than 30 days have elapsed since ATG Credit was served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

5.      In their Complaint, Plaintiffs assert claims under the Fair Debt Collection Practices Act ("FDCPA") and G.L. c. 93A, along with claims for intentional and negligent infliction of emotional distress, breach of contract, invasion of privacy, libel, and slander.  *See* Exhibit A, *generally*.

6.      Removal of this action to this Court is permissible pursuant to federal question jurisdiction under the provisions of 28 U.S.C. § 1441(a) in that it is a civil action founded on a claim or right arising under the laws of the United States, namely, the FDCPA.  The FDCPA expressly provides that "an action to enforce any liability created by this title may be brought in any appropriate United States District Court without regarding the amount in controversy."  *See* 15 U.S.C. § 1692k(d); *see also Gardner v. TBO Capital LLC*, 986 F. Supp. 2d 1324, 1329 (N.D.

---

removal petition must be accomplished only by those defendants: (1) who have been served; and, (2) whom the removing defendant(s) actually knew or should have known had been served." *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992) (holding that "[t]he constructive notice element should be applied to removing defendants who had a reasonable time to become aware of the filing of such service and had a reasonable time in which to obtain the consent or joinder of such other defendants"); *accord Laurie v. Nat'l R.R. Passenger Corp.*, Civ. A. No. 01-6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001).  While there are more liberal interpretations of the constructive notice element, ATG Credit's counsel satisfied the more stringent standard by attempting to contact the other co-defendants regarding the status of service of process on them. *See, e.g., Pianovski v. Laurel Motors, Inc.*, 924 F. Supp. 86, 87 (N.D. Ill. 1996) (reasonable diligence includes attempting to contact co-defendants regarding service of process).  To wit, ATG Credit's counsel left a voicemail with Tammy Finley, General Counsel of Advance Auto Parts, Inc. as to the status of service, and inquired with HSBC Bank USA, N.A.'s legal department, as to whether service on HSBC Business Solutions had been obtained. (See emails attached hereto as Exhibit B).  Despite its best efforts, ATG Credit's counsel was unable to reach the other co-defendants regarding this matter.  The state court docket currently reflects that counsel has not entered an appearance on behalf of any co-defendant, nor have any returns of service been filed. (See docket sheet attached as Exhibit C).

34502683v1 0970839

Ga. 2013) ("[i]t is undisputed that the Court has federal question subject-matter jurisdiction over plaintiffs' FDCPA claim").

7.      Furthermore, Plaintiffs' state law claims arise from the same dispute, and are so related to the FDCPA claims that these state law claims form part of the same case or controversy under Article III of the United States Constitution.  *See* 28 U.S.C. § 1367; *see also McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 44 (D. Mass. 2012) ("the timely FDCPA claims provide the basis for supplemental jurisdiction of the chapter 93A claims").

8.      In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to the Plaintiffs, and will be filed with the Clerk of Courts for the Trial Court of Massachusetts, Quincy District Court.

WHEREFORE, the Defendant, ATG Credit, LLC, hereby removes this action from the Trial Court of the State of Massachusetts, Quincy District Court, to the United States District Court for the District of Massachusetts.

ATG CREDIT, LLC,

By Its Attorneys,

*/s/ Christine Abely*
Andrew M. Schneiderman, BBO #666252
Christine Abely, BBO #679700
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)
Email:   aschneiderman@hinshawlaw.com
              cabely@hinshawlaw.com

Dated:      April 10, 2015

34502683v1 0970839

## <u>CERTIFICATE OF SERVICE</u>

I, Christine Abely, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Christine Abely
Christine Abely

34502683v1 0970839