# EXHIBIT A

# Commonwealth of Massachusetts
## Quincy District Court
One Dennis Ryan Parkway
Quincy, MA 02169
(617) 471-1650

*Shirley Bracel*
*George Bracel*

_____
PLAINTIFF(S),

CIVIL No. *1656 CV 269*

v. *ATG Credit LLC*
*1700 W Cortland St*
*Chicago, Ill 60622*
_____
DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO *Pres + Ceo   ATG Credit LLC*

    1. **This Notice is to inform you that you are being sued.** A Plaintiff has begun a lawsuit against you. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the District Court. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money.

    2. **You must respond within 20 days to protect your rights.** In order to protect your rights you must deliver or mail **a written response** called an "Answer" to "Clerk's Office for Civil Business, Quincy District Court, One Dennis Ryan Parkway, Quincy, MA 02169" **and** to the individual who filed the Complaint within 20 days from the date on which you received this Summons, or within 20 days of the date on which the Summons was delivered to you, **whichever is earlier.** The individual who filed this lawsuit is *Shirley Bracel + George*
*Bracel*
(name of Plaintiff's attorney or pro se Plaintiff)
with an address at *55 Crabtree Rd. Quincy MA 02177*

    3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

    4. **You must list any reason why you should not have to give the Plaintiff what the Plaintiff asks for.** If you have any reasons why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

    5. **You will likely lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you will likely lose this case. You will have no opportunity to tell your side of the story, and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may order that the Plaintiff

may take your property and/or wages.  If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge.  Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.**  You may wish to get legal help from a lawyer.  **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**  You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.**  You may be able to get money or other relief from the Plaintiff.  If you believe the Plaintiff owes you money or harmed you in some way related to the subject matter of the Plaintiff's Complaint, you must describe that in your Answer.  If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer.

8. **You or your attorney must attend all court hearings.**  If you send your Answer to the Court and the Plaintiff, you will protect your rights.  The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge.  The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. **Note:** The docket number appearing on the front of this notice must appear on the front of your Answer.

Witness Hon. Mark S. Coven, First Justice on   3/2       , 2015.

(SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## RETURN OF SERVICE
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

_____
(signature)

_____
(name and title)

_____
(address)

**Shirley Bragel**
**George Bragel**
**85 Crabtree Road**
**Quincy, MA 02171**

# March 2, 2015

**President/CEO**
**Advance Auto Parts, Inc.**
**5008 Airport Road**
**Roanoke, VA 24012**

**President and CEO**
**Advance Auto Parts**
**1432 Dorchester Ave**
**Dorchester, MA 02122**

**President and CEO**
**ATG Credit LLC**
**1700 W Cortland St**
**Chicago IL 60622**

**President and CEO**
**HSBC Business Solutions**
**P O Box 5253**
**Carol Stream, IL 60197**

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**AND FIRST-CLASS MAIL**

**Dear Sirs or Madams:**

I enclose and hereby serve upon you, pursuant to Chapter 223A of the <u>Massachusetts General Laws</u> and Rule 4 of the <u>Massachusetts Rules of Civil Procedure</u>, the following:

    1.    **Summons;**

    2.    **Complaint;**

3.     **Interrogatories;**

4.     **Requests for Production of Documents;**

5.     **Requests for Admissions; and**

6.     **Statement of Damages/Civil Action Cover Sheet**

**Please note that in accordance with the Summons, you or your attorney are required to serve an Answer to the Complaint within 20 days of your receipt of this mailing or your default may be entered by the Court. The discovery served with the complaint is due within 50 days.**

**Very truly yours,**

**Shirley Bragel**

**George Bragel**



| STATEMENT OF DAMAGES G.L. c. 218, § 19A (a) | Docket No.: Division: _Quincy_ | Trial Court of Massachusetts District Court Department |
|---|---|---|

| Plaintiff(s) George and Shirley Bragel | Defendant(s) Advance Auto Parts, Inc ATG Credit LLC and HSBC |
|---|---|

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $_____ |
| 2. Total doctor expenses: | $_____ |
| 3. Total chiropractic expenses: | $_____ |
| 4. Total physical therapy expenses: | $_____ |
| 5. Total other expenses (Describe): _____ | $_____ |
| **B. SUBTOTAL for lines 1-5 above:** | $_____ |
| C. Documented lost wages and compensation to date: | $_____ |
| D. Documented property damages to date: | $_____ |
| E. Reasonable anticipated future medical and hospital expenses: | $_____ |
| F. Reasonably anticipated lost wages: | $_____ |
| G. Other documented items of damage (Describe): _____ | $_____ |

For this form, disregard double or treble damage claims, indicate single damages only.

**TOTAL TORT CLAIMS for lines B-G above:** $_____

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): Invasion of Privacy, Intentional Infliction of emotional distress, negligent infliction of emotional distress, defamation

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): breach of contract by violating the FDCA, violating the covenant of good faith and fair dealing and violating MGL C93A | $_____ $_____ $_____ |

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL CONTRACT CLAIMS:** 24,500 $_____

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS & PHONE: |
|---|---|
| Signature: _____ | ~~Advance Auto Parts, Inc. EY AL~~ |
| Type Name: George Bragel    Shirley Bragel | 5008 Airport Road |
| Address: 85 Crabtree Road, Quincy, MA 02171 | Roanoke, VA 24012 |
| Phone: 617 328 8753 | |
| B.B.O.#: Pro Se | |
| Date: ~~February 25, 2015~~ March 2, 2015 | |

08/06





## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                          **QUINCY DISTRICT COURT**
                                         **CA No**

| | |
|---|---|
| **GEORGE BRAGEL,** | ) |
| **SHIRLEY BRAGEL** | ) |
| **PLAINTIFFS** | ) |
| | ) |
| **V.** | ) |
| | ) |
| **ADVANCE AUTO PARTS, INC** | ) |
| **ADVANCE AUTO PARTS** | ) |
| **OF DORCHESTER** | ) |
| **ATG CREDIT, LLC** | ) |
| **HSBC BUSINESS SOLUTIONS** | ) |
| **DEFENDANTS** | ) |
| | ) |

# COMPLAINT

**Plaintiffs George Bragel  ("GBragel"), and Shirley Bragel ("SBragel") hereby sue the defendants  Advance Auto Parts, Inc., Advance Auto Parts, ATG Credit, LLC and HSBC Business Solutions and allege as follows:**

1. This is an action for damages for the amount of $ 24,500.00.

# PARTIES

2. Plaintiff George Bragel, an individual, at all time's material herein resided at 85 Crabtree Road in Quincy, within Norfolk County in the Commonwealth of Massachusetts.

3. Plaintiff Shirley Bragel, an individual, at all time's material herein resided at 85 Crabtree Road in Quincy, within Norfolk County in the Commonwealth of Massachusetts.

4. At all times material herein, upon information and belief, the defendant Advance Auto Parts, Inc. ("AAP, INC") (The Parent Company of the co-defendant Advance Auto parts of Dorchester) was a duly organized corporate entity engaged in the business of retail selling of auto parts to the public and businesses within the Commonwealth of Massachusetts and has a usual place of business at 5008 Airport Road Roanoke, VA 24012.

5. At all times material herein, upon information and belief, the Defendant, Advance Auto Parts of Dorchester. (AAPDOT") (The Subsidiary Company of the co-defendant Advance Auto Parts, Inc.) was an entity engaged in the business of retail selling of auto parts to the public and businesses, and had a usual place of business at 1432 Dorchester, MA. 02122. within the Commonwealth of Massachusetts.

6. At all times material herein, upon information and belief, the defendant ATG Credit, LLC. (ATG") was an entity engaged in the business of collecting debts and had a usual place of business at1700 W Cortland Street, Chicago IL 60622.

7. At all times material herein, upon information and belief, the defendant HSBC Business Solutions (HSBC")  was an entity engaged in the business of receivables management and debt collecting, doing business within Norfolk County and within the Commonwealth of Massachusetts and has a usual place of business at P O Box 5253 in Carol Stream, Illinois 60197.

# JURISDICTION

8. The plaintiff George Bragel resides within Norfolk County at 85 Crabtree Road, in Quincy, Massachusetts.

9. The plaintiff Shirley Bragel resides within Norfolk County at 85 Crabtree Road, in Quincy, Massachusetts.

10.     The defendants all regularly conduct business within Norfolk County and within the Commonwealth of Massachusetts.

11.     Whereas both of the plaintiffs and all the defendants are subject to jurisdiction within Norfolk County in the Commonwealth of Massachusetts, jurisdiction is appropriate.

# GENERAL FACTS

12.     The Plaintiffs have purchased auto parts from the defendant AAPDOT continuously since 2006.

13.     Upon information and belief, AAPDOT is a subsidiary of AAP, INC.

14.     During the relationship as a customer of AAPDOT the plaintiffs have purchased scores of thousands of dollars of auto parts,

15.     For all of that time, plaintiffs were never charged interest as the contract between the parties called for an "Interest Free" account..

16.     For the most part plaintiff paid its bills promptly, and there was little or no difficulty in the customer/vendor relationship.

17.     Upon information and belief, at some time in 2011, without any notice to the Plaintiff, AAPDOT or AAP, INC made a decision to sell or assign its account receivables to the co-defendants HSBC and ATG.

18.     Immediately after that, HSBC began attempting to collect balances from the plaintiffs.

19.     The Plaintiffs did not even know who HSBC was.

20.     HSBC did not provide "Bills" of the type plaintiffs were used to getting from AAPDOT.

21.     HSBC merely claimed and asked for a "balance due".

22.     Plaintiff no longer had any idea about what the actual balance due was.

23.     Plaintiffs were very concerned that their payments were not being credited to their account.

24.     The plaintiff was very surprised when HSBC attempted to collect on the account as they knew of no balance due and owing to AAPDOT.

25.     Plaintiffs sought from AAPDOT the appropriate supporting documentation (of bills and payments) to support the balance claimed due by HSBC.

26.     Plaintiffs have yet, now in 2015,  received an accounting for any and all charges and payments from any of the defendants.

27.     AAPDOT had always stated that there was no interest on their accounts.

28.     If AAPDOT made a decision to begin to charge interest, they had a duty to inform the Plaintiffs of such a drastic change in their finance policy and such a drastic change in the contract between the parties..

29.     The defendants AAP,INC and AAPDOT had a duty to inform the Plaintiffs that it had materially changed a long-standing policy in place with the plaintiffs.

30.     HSBC had a similar duty to the plaintiffs but never provided any explanation for their involvement in the plaintiff's accounts.

31.     HSBC and AAPDOT were informed by the plaintiffs that the defendant's version of the account balance was completely refuted.

32.     In spite of this notification, eventually. HSBC, apparently in 2012, assigned the account to ATG Credit, LLC.

33.     ATG began to harass the plaintiffs in such an unprofessional, and frankly, in an unconscionable manner in that ATG completely and regularly hounded the plaintiffs, terrifying the plaintiffs at times with threats.

34.     ATG employees, agents or servants were routinely rude, arrogant and threatening in their telephone calls.

35.     The telephone calls from ATG's agents, servants or employees were early in the morning, late in the evening and on weekends, including Sundays and a various times during the normal business day.

36.     ATG routinely called the plaintiffs on their business phones, their home phones and their cell phones, often calling all of them within a few minutes of one another.

37.     ATG routinely called the workplace of the plaintiffs ad often spoke with  other people in that office of the Plaintiffs "deadbeat" status.

38.     The plaintiffs were embarrassed and humiliated by this constant barrage of nasty and unprofessional policies of the employees, agents or servants of AEG.

39.     When plaintiffs complained of the behavior to AAPDOT, the employees, agents or servants of AAPDOT said there was nothing they could do about the collection agency as they (AAPDOT) claimed to have sold the account to HSBC.

40.     That was the first notice – in October of 2012, that plaintiffs received from AAP,INC or AAPDOT that their account had been "sold."

41.     The agents, employees or servants of AAPDOT did tell the plaintiffs that all their payments had been properly recorded.

42.     Plaintiff is left not even knowing or understanding what has happened to his account.

43.     AAPDOT nor AAP INC, HSBC or ATG have been willing to provide plaintiff with any accounting of the charges or payment activity on the account,

44.     Meanwhile the calling persisted for over three months.

45.   The amount of calls (an examination of the phone records will reveal) far exceeded anything contemplated as reasonable behavior.

46.     The threatening nature of the calls also far exceeded anything that could be contemplated as reasonable behavior.

47.     The most frequent caller, "Robert" apparently an employee, agent or servant of the defendant ATG, never would give any information to the plaintiffs as to how he was involved in the matter and who he worked for. In fact, at one point he said he was calling on behalf of "Capital One Bank".

48.     Other times, "Robert" said he was calling from the co-defendants, AAP INC or AAPDOT.

49.     Other times, "Robert" said he was calling from the co-defendants, HSBC.

50.     To the present, Plaintiffs are unsure as to who "Robert" is/was, and who he worked for.

51.    At times during the calls made to the Plaintiffs, the caller, who always identified himself as "Robert" made many threatening and disparaging statements, not only to the Plaintiffs but to agents, employees and servants of the Plaintiffs.

52.    At times "Robert" questioned employees of the Plaintiffs about where the Bragels were and why they didn't pay their bills.

53.    Additionally, "Robert" revealed personal information about the plaintiffs to employees of the plaintiffs, including that the plaintiffs had significant assets and real estate and should pay their bills.

54.    Additionally "Robert" continuously revealed information about the plaintiffs and asked invasive questions about the Plaintiff's lifestyle and whereabouts.

55.    Perhaps the most significant violation was that "Robert" conveyed to the Plaintiffs that their conversations had been recorded.

56.    "Robert" revealed this after the calls had allegedly been recorded. There was no warning before the conversations that the conversations were being recorded.

57.    If in fact ATG through "Robert" recorded conversations that act is a felony in the state of Massachusetts. One may not record anybody without first getting their permission regarding the fact that the conversation is being recorded.

58.    Additionally, upon information and belief, either/or ATG, AAP, INC, AAPDOT and HSBC, either itself or through its agents, servants or employees, without right or legal authority, maliciously reported Plaintiffs to various so-called credit reporting agencies regarding plaintiffs alleged delinquent account, all the while having been fully notified and informed by plaintiffs of the invalidity of the underlying debt.

59.    In light of the fact that Plaintiffs had relied on the statements of AAPDOT's personnel regarding the fact that AAPDOT had in fact properly credited the plaintiffs account, either/or AAPINC, AAPDOT, ATG and HSBC  have committed a serious breach of contract in addition to engaging in the aforementioned violations of the Fair Debt Collection Act and the Consumer Protection Act.

60.     Additionally, AAPINC, AAPDOT, ATG and HSBC  all by their combined  misrepresentations of material and other facts  and that constitutes deceptive acts within the meaning of the MGL 93A.

## COUNT ONE
## GEORGE BRAGEL V. AAP, INC
## BREACH OF CONTACT

61. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.
62. On or about January 1, 2006, the plaintiff entered into a contract with the defendant AAPDOT who was to provide an auto parts for the plaintiff on a continuous basis.
63. The contract was for 30 days net with no interest on the account.
64. The plaintiff fully performed under the contract.
65. The defendant AAP, INC breached the contract by engaging co-defendants HSBC and ATG as its credit providing source without any notice to the plaintiff.
66. HSBC imposed new rules and regulations upon the plaintiff without notice.
67. The defendant, AAP, INC by not informing the plaintiff about the change in account rules breached the contract between the parties.
68. In assigning the account to  collection agencies, the co-defendants HSBC and ATG, the defendant AAP, INC and/or AAPDOT further breached the contact between the parties.
69. As a direct and approximate result of the   defendant's breach of the contract, the plaintiff has suffered damages.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.


## COUNT TWO
## GEORGE BRAGEL V. AAP, INC
## BREACH OF CONTRACT

70. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

71. The behavior of the defendant AAP, INC through its agents, employees or servants in this case all violated the covenant of good faith and fair dealing inherent in every contract.

72. As a direct and approximate result of the defendant's breach of the covenant of good faith and fair dealing inherent in every contract, the plaintiff has suffered damages.

   WHEREFORE, the plaintiff respectfully requests judgment
   as set forth below.

## COUNT THREE
## GEORGE BRAGEL V. AAP, INC
## CHAPTER 93A

73. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

74. At all times relevant hereto, AAP, iNC was engaged in trade or commerce within the meaning of M.G.L. c.93A.

75. At all times relevant hereto, Plaintiff was also engaged in trade or commerce within the meaning of M.G.L. c.93A.

76. As both parties were at all times relevant hereto, engaged in trade or commerce within the meaning of M.G.L. c.93A, these were transactions covered under Mass Gen Laws Chapter 93A.

77. Defendant AAP, INC through its agents, employees or servants behavior, including the fraudulent attempts to defraud the plaintiff of his funds represents unconscionable behavior, behavior which shocks the conscience. It is settled law in Massachusetts and across the land that unfair and deceptive business practices bring with it higher levels of punishment.

78. The defendant AAP, INC through its agents, employees or servants has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers from the wrongful behaviors complained of above.

79. As a direct and proximate result of the foregoing, the plaintiff has suffered damages.

   WHEREFORE, the plaintiff respectfully requests judgment
   as set forth below.

## COUNT FOUR
## GEORGE BRAGEL V. AAP, INC
## INVASION OF PRIVACY

80. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

81. Upon information and belief, Defendant AAP, INC through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, credit reports and discussing the Plaintiff's private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

82. Upon information and belief, Defendant AAP, INC through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly publishing private and false facts about the Plaintiff and by disclosing the Plaintiff's account information to others and making false allegations to the Plaintiff.

83. Defendant AAP, INC through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light – continuously and maliciously throughout the entire period since the plaintiff's account was assigned or transferred to either HSBC or ATG perform.

84. The wrongful behavior which began on or about August 1, 2012, worsening in September and continuing into October, 2012 was all an Invasion of the Plaintiff's Privacy.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT FIVE
## GEORGE BRAGEL V. AAP, INC
## VIOLATION OF THE FAIR DEBT COLLECTION ACT

85. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

86. Defendant AAP, INC through its agents, employees or servants s actions in trying to collect a debt which never existed is a gross violation of the Federal Fair Debt Collection Act.

87. The Defendant AAP, INC knew or should have known that the Plaintiff never owed any balance to any of the Defendants.

88.  The Defendant AAP, INC or its agents, employees or servants, also knew or should have known that the Plaintiff had raised concerns about the Defendant AAP, INC or its agents, employees or servants unfair and deceptive business practices regarding the Plaintiff's account - to various employees and agents of the Defendant AAP, INC on several occasions.

   WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT SIX
## GEORGE BRAGEL V. AAP, INC
### LIBEL

89.  The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

90.  Defendant AAP, INC through its agents, employees or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.

91.  Defendant AAP, INC or its agents, employees or servants has made, through its agents, servants or employees, scores of false and demeaning statements in writing to scores of people about the plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, defamed the plaintiff, and even accused him of criminal behavior.

92.  All those acts were done with malicious intent to harm the plaintiff sand did indeed cause the plaintiff great harm.

   WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT SEVEN
## GEORGE BRAGEL V. AAP, INC
### SLANDER

93.  The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

94.  Defendant AAP, INC through its agents, employees or servants has committed scores of acts of oral defamation, in which their agents, employees or servants told scores of people untruths about the plaintiff and said untruths that did damage the reputation of the plaintiff and caused the plaintiff great suffering.

95. Defendant AAP, INC has made, through its agents, employees or servants, scores of false and demeaning oral statements to scores of people about the plaintiff. Those statements were and are untrue and attacked the plaintiff's character, defamed the plaintiff and accused him of criminal behavior.

96.  All those oral statements were done by the defendant AAP, INC through its agents, employees or servants, with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT EIGHT
### GEORGE BRAGEL V AAP, INC
### INTENTIONAL INFLICTION OF
### EMOTIONAL DISTRESS

97. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.

98. The defendant AAP, INC through its agents, employees or servants has engaged in a pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

99. The defendant AAP, INC either through its agents, employees or servants, carried out an ongoing behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.

100. The behavior of the defendant AAP, INC through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

101. The behavior of the defendant AAP, INC through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

102. The defendant AAP, INC or its agents, employees or servant's actions were clearly intentional and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

103. As a proximate result of defendant AAP, INC or its agents, employees or servant's intentional acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.

WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.

## COUNT NINE
### GEORGE BRAGEL V AAP, INC
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

104. Plaintiff repeats and reavers the allegations set forth in all
Paragraphs above as if expressly rewritten and set forth herein.
105. The defendant AAP, INC through its agents, employees or servants,
engaged in a pattern of negligent outrageous and extreme conduct
that goes beyond the bounds of human decency against the plaintiff.
106. The defendant's AAP, INC or its agents, employees or servants ongoing
behavior pattern far surpassed mere insults, annoyances, indignities
and other trivialities.
107. The behavior of the defendant  AAP, INC through its agents, employees
or servants was far beyond outrageous and extreme conduct and
went far beyond the bounds of common human decency and was so
egregious that a reasonable and prudent human being such as the
plaintiff was unable to tolerate such conduct.
108. The behavior of the defendant AAP, INC through its agents, employees
or servants was atrocious and beyond all bounds tolerated in a
civilized society.
109. The defendant's AAP, INC through its agents, employees or servants
actions were clearly negligent and malicious and were done solely for
the purpose of causing the Plaintiff to suffer humiliation, mental
anguish and emotional and physical distress.
110. As a proximate result of defendant's negligent acts the Plaintiff has
been humiliated, embarrassed, emotionally distressed, and has been
severely injured in both mind and body.

WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.

## COUNT TEN
### GEORGE BRAGEL V. AAPDOT
### BREACH OF CONTACT

111.    The plaintiff realleges and incorporates herein the
allegations contained in the paragraphs above.

112. On or about January 1, 2006, the plaintiff entered into a contract with the defendant AAPDOT who was to provide an auto parts for the plaintiff on a continuous basis.

113. The contract was for 30 days net with no interest on the account.

114. The plaintiff fully performed under the contract.

115. The defendant AAPDOT breached the contract by engaging co-defendants HSBC and ATG as its credit providing source without any notice to the plaintiff.

116. HSBC imposed new rules and regulations upon the plaintiff without notice.

117. The defendant, AAPDOT by not informing the plaintiff about the change in account rules breached the contract between the parties.

118. In assigning the account to collection agencies, the co-defendants HSBC and ATG, the defendant AAPDOT and/or AAP, INC further breached the contact between the parties.

119. As a direct and approximate result of the defendant's breach of the contract, the plaintiff has suffered damages.

      WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT ELEVEN
### GEORGE BRAGEL V. AAPDOT
### BREACH OF CONTRACT

120. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

121. The behavior of the defendant AAPDOT through its agents, employees or servants in this case all violated the covenant of good faith and fair dealing inherent in every contract.

122. As a direct and approximate result of the defendant's breach of the covenant of good faith and fair dealing inherent in every contract, the plaintiff has suffered damages.

      WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT TWELVE
### GEORGE BRAGEL V. AAPDOT
### CHAPTER 93A

123.     The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

124. At all times relevant hereto, AAPDOT was engaged in trade or commerce within the meaning of M.G.L. c.93A.

125. At all times relevant hereto, Plaintiff was also engaged in trade or commerce within the meaning of M.G.L. c.93A.

126. As both parties were at all times relevant hereto,  engaged in trade or commerce within the meaning of M.G.L. c.93A, these were transactions covered under Mass Gen Laws Chapter 93A.

127. Defendant AAPDOT through its agents, employees or servant's behavior, including the fraudulent attempts to defraud the plaintiff of his funds represents unconscionable behavior, behavior which shocks the conscience. It is settled law in Massachusetts and across the land that unfair and deceptive business practices bring with it higher levels of punishment.

128. The defendant AAPDOT through its agents, employees or servants has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers from the wrongful behaviors complained of above.

129. As a direct and proximate result of the foregoing, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT THIRTEEN
### GEORGE BRAGEL V. AAPDOT
### INVASION OF PRIVACY

130. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

131. Upon information and belief, Defendant AAPDOT  through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, credit reports and discussing the Plaintiff's private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

132. Upon information and belief, Defendant AAPDOT through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly publishing private and false facts about the Plaintiff and by disclosing the Plaintiff's account information to others and making false allegations to the Plaintiff.

133. Defendant AAPDOT through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light – continuously and maliciously throughout the entire period since the plaintiff's account was assigned or transferred to either HSBC or ATG perform.

134. The wrongful behavior which began on or about August 1, 2012, worsening in September and continuing into October, 2012 was all an Invasion of the Plaintiff's Privacy.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT FOURTEEN
## GEORGE BRAGEL V. AAPDOT
## VIOLATION OF THE FAIR DEBT COLLECTION ACT

135. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

136. Defendant AAPDOT through its agents, employees or servant's s actions in trying to collect a debt which never existed is a gross violation of the Federal Fair Debt Collection Act.

137. The Defendant AAPDOT knew or should have known that the Plaintiff never owed any balance to any of the Defendants.

138. The Defendant AAPDOT or its agents, employees or servants, also knew or should have known that the Plaintiff had raised concerns about the Defendant AAPDOT or its agents, employees or servants unfair and deceptive business practices regarding the Plaintiff's account - to various employees and agents of the Defendant AAPDOT on several occasions.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT FIFTEEN
## GEORGE BRAGEL V. AAPDOT
### LIBEL

139. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

140. Defendant AAPDOT through its agents, employees or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.

141. Defendant AAPDOT or its agents, employees or servants has made, through its agents, servants or employees, scores of false and demeaning statements in writing to scores of people about the plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, defamed the plaintiff, and even accused him of criminal behavior.

142. All those acts were done with malicious intent to harm the plaintiff sand did indeed cause the plaintiff great harm.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT SIXTEEN
## GEORGE BRAGEL V. AAPDOT
### SLANDER

143. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

144. Defendant AAPDOT through its agents, employees or servants has committed scores of acts of oral defamation, in which their agents, employees or servants told scores of people untruths about the plaintiff and said untruths that did damage the reputation of the plaintiff and caused the plaintiff great suffering.

145. Defendant AAPDOT has made, through its agents, employees or servants, scores of false and demeaning oral statements to scores of people about the plaintiff. Those statements were and are untrue and attacked the plaintiff's character, defamed the plaintiff and accused him of criminal behavior.

146. All those oral statements were done by the defendant AAPDOT through its agents, employees or servants, with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.

## COUNT SEVENTEEN
## GEORGE BRAGEL V AAPDOT
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

147. Plaintiff repeats and reavers the allegations set forth in all
Paragraphs above as if expressly rewritten and set forth herein.

148. The defendant AAPDOT through its agents, employees or servants has
engaged in a pattern of intentional outrageous and extreme conduct
that goes beyond the bounds of human decency against the plaintiff.

149. The defendant AAPDOT either through its agents, employees or
servants, carried out an ongoing behavior pattern that far surpassed
mere insults, annoyances, indignities and other trivialities.

150. The behavior of the defendant AAPDOT through its agents, employees
or servants was far beyond outrageous and extreme conduct and
went far beyond the bounds of common human decency and was so
egregious that a reasonable and prudent human being such as the
plaintiff was unable to tolerate such conduct.

151. The behavior of the defendant AAPDOT through its agents, employees
or servants was atrocious and beyond all bounds tolerated in a
civilized society.

152. The defendant AAPDOT or its agents, employees or servant's actions
were clearly intentional and malicious and were done solely for the
purpose of causing the Plaintiff to suffer humiliation, mental anguish
and emotional and physical distress.

153. As a proximate result of defendant AAPDOT or its agents, employees
or servant's intentional acts the Plaintiff has been humiliated,
embarrassed, emotionally distressed, and has been severely injured
in both mind and body.


WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.

## COUNT EIGHTEEN
## GEORGE BRAGEL V AAPDOT
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

154. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.

155. The defendant AAPDOT through its agents, employees or servants, engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

156. The defendant's AAPDOT or its agents, employees or servants ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

157. The behavior of the defendant AAPDOT through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

158. The behavior of the defendant AAPDOT through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

159. The defendant's AAPDOT through its agents, employees or servants actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

160. As a proximate result of defendant's negligent acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.


## COUNT NINETEEN
### GEORGE BRAGEL V. HSBC
### BREACH OF CONTACT


161. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

162. On or about January 1, 2006, the plaintiff entered into a contract with the defendant AAPDOT who was to provide an auto parts for the plaintiff on a continuous basis. Because of its role as agent of AAPDOT, HSBC is bound by the contract between the parties.

163. The contract was for 30 days net with no interest on the account.

164. The plaintiff fully performed under the contract.

165. The defendant HSBC as agent of AAPDOT also breached the contract by engaging co-defendant ATG as its collection agency without any notice to the plaintiff.

166. HSBC as agent of AAP, INC and AAPDOT imposed new rules and regulations upon the plaintiff without notice.

167. The defendant, HSBC, by not informing the plaintiff about the change in account rules breached the contract already in place between the parties.

168. In assigning the account to a collection agency, defendant HSBC and the defendant AAPDOT and/or AAP, INC further breached the contact between the parties.

169. As a direct and approximate result of the defendant's breach of the contract, the plaintiff has suffered damages.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT TWENTY
### GEORGE BRAGEL V. HSBC
### BREACH OF CONTRACT

170. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

171. The behavior of the defendant HSBC through its agents, employees or servants in this case all violated the covenant of good faith and fair dealing inherent in every contract.

172. As a direct and approximate result of the defendant's breach of the covenant of good faith and fair dealing inherent in every contract, the plaintiff has suffered damages.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT TWENTY ONE
### GEORGE BRAGEL V. HSBC
### CHAPTER 93A

173. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

174. At all times relevant hereto, HSBC was engaged in trade or commerce within the meaning of M.G.L. c.93A.

175. At all times relevant hereto, Plaintiff was also engaged in trade or commerce within the meaning of M.G.L. c.93A.

176. As both parties were at all times relevant hereto,  engaged in trade or commerce within the meaning of M.G.L. c.93A, these were transactions covered under Mass Gen Laws Chapter 93A.

177. Defendant HSBC through its agents, employees or servants behavior, including the fraudulent attempts to defraud the plaintiff of his funds represents unconscionable behavior, behavior which shocks the conscience. It is settled law in Massachusetts and across the land that unfair and deceptive business practices bring with it higher levels of punishment.

178. The defendant HSBC through its agents, employees or servants has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers from the wrongful behaviors complained of above.

179. As a direct and proximate result of the foregoing, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT TWENTY TWO
### GEORGE BRAGEL V. HSBC
### INVASION OF PRIVACY

180. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

181. Upon information and belief, Defendant HSBC  through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, credit reports and discussing the Plaintiff's private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

182. Upon information and belief, Defendant HSBC through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly publishing private and false facts about the Plaintiff and by disclosing the Plaintiff's account information to others and making false allegations to the Plaintiff.

183. Defendant **HSBC** through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light – continuously and maliciously throughout the entire period since the plaintiff's account was assigned or transferred to ATG perform.

184. The wrongful behavior which began on or about August 1, 2012, worsening in September and continuing into October, 2012 was all an Invasion of the Plaintiff's Privacy.


   WHEREFORE, the plaintiff respectfully requests judgment
   as set forth below.

## COUNT TWENTY THREE
## GEORGE BRAGEL V. HSBC
### VIOLATION OF THE FAIR DEBT COLLECTION ACT


185. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

186. Defendant **HSBC** through its agents, employees or servant's actions in trying to collect a debt (THROUGH ITS AGENTS) which never existed is a gross violation of the Federal Fair Debt Collection Act.

187. The Defendant **HSBC** knew or should have known that the Plaintiff never owed any balance to any of the Defendants.

188. The Defendant **HSBC** or its agents, employees or servants, also knew or should have known that the Plaintiff had raised concerns about the Defendant **HSBC** or its agents, employees or servants unfair and deceptive business practices regarding the Plaintiff's account - to various employees and agents of the Defendant **HSBC** on several occasions.


   WHEREFORE, the plaintiff respectfully requests judgment
   as set forth below.

## COUNT TWENTY FOUR
## GEORGE BRAGEL V. HSBC
### LIBEL


189. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

190. Defendant **HSBC** through its agents, employees or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.

191. Defendant **HSBC** or its agents, employees or servants has made, through its agents, servants or employees, scores of false and demeaning statements in writing to scores of people about the plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, defamed the plaintiff, and even accused him of criminal behavior.

192. All those acts were done with malicious intent to harm the plaintiff sand did indeed cause the plaintiff great harm.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT TWENTY FIVE
### GEORGE BRAGEL V. HSBC
### SLANDER

193. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

194. Defendant **HSBC** through its agents, employees or servants has committed scores of acts of oral defamation, in which their agents, employees or servants told scores of people untruths about the plaintiff and said untruths that did damage the reputation of the plaintiff and caused the plaintiff great suffering.

195. Defendant **HSBC** has made, through its agents, employees or servants, scores of false and demeaning oral statements to scores of people about the plaintiff. Those statements were and are untrue and attacked the plaintiff's character, defamed the plaintiff and accused him of criminal behavior.

196. All those oral statements were done by the defendant **HSBC** through its agents, employees or servants, with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

**COUNT TWENTY SIX**

**GEORGE BRAGEL V HSBC**

**INTENTIONAL INFLICTION OF**

**EMOTIONAL DISTRESS**

197. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.

198. The defendant HSBC through its agents, employees or servants has engaged in a pattern of intentional outrageous and extreme conduct that goes beyond The bounds of human decency against the plaintiff.

199. The defendant HSBC either through its agents, employees or servants, carried out an ongoing behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.

200. The behavior of the defendant HSBC through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

201. The behavior of the defendant HSBC through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

202. The defendant HSBC or its agents, employees or servant's actions were clearly intentional and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

203. As a proximate result of defendant HSBC or its agents, employees or servant's intentional acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

**COUNT TWENTY SEVEN**

**GEORGE BRAGEL V HSBC**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**


204. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.

205. The defendant **HSBC** through its agents, employees or servants, engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

206. The defendant's **HSBC** or its agents, employees or servants ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

207. The behavior of the defendant **HSBC** through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

208. The behavior of the defendant **HSBC** through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

209. The defendant's **HSBC** through its agents, employees or servants actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

210. As a proximate result of defendant's negligent acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


**WHEREFORE, the plaintiff respectfully requests judgment as set forth below.**

### COUNT TWENTY EIGHT
### GEORGE BRAGEL V.ATG
### BREACH OF CONTRACT

211.    The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

212. On or about January 1, 2006, the plaintiff entered into a contract with the defendant **AAPDOT** who was to provide an auto parts for the plaintiff on a continuous basis. Because of its role as agent of AAPDOT, ATG is bound by the contract between the parties.

213. The contract was for 30 days net with no interest on the account.

214. The plaintiff fully performed under the contract.

215. The defendant ATG as agent of AAPDOT, AAP, INC AND HSBC also breached the contract by  its collection activity without any notice to the plaintiff.

216. ATG was acting as an agent of its co-defendants who had imposed new rules and regulations upon the plaintiff without notice.

217. The defendant, ATG, by not informing the plaintiff about the change in account rules breached the contract between the parties.

218. The assigning of the account to ATG, defendant HSBC and  the defendant AAPDOT and/or AAP, INC and ATG all further breached the contact between the parties.

219. As a direct and approximate result of the defendant's breach of the contract, the plaintiff has suffered damages.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT TWENTY NINE
### GEORGE BRAGEL V. ATG
### BREACH OF CONTRACT

220. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

221. The behavior of the defendant ATG through its agents, employees or servants in this case all violated the covenant of good faith and fair dealing inherent in every contract.

222. As a direct and approximate result of the defendant's breach of the covenant of good faith and fair dealing inherent in every contract, the plaintiff has suffered damages.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT THIRTY
### GEORGE BRAGEL V. ATG
### CHAPTER 93A

223.     The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

224.     At all times relevant hereto, ATG was engaged in trade or commerce within the meaning of M.G.L. c.93A.

225. At all times relevant hereto, Plaintiff was also engaged in trade or commerce within the meaning of M.G.L. c.93A.

226. As both parties were at all times relevant hereto,  engaged in trade or commerce within the meaning of M.G.L. c.93A, these were transactions covered under Mass Gen Laws Chapter 93A.

227. Defendant **ATG** through its agents, employees or servants behavior, including the fraudulent attempts to defraud the plaintiff of his funds represents unconscionable behavior, behavior which shocks the conscience. It is settled law in Massachusetts and across the land that unfair and deceptive business practices bring with it higher levels of punishment.

228. The defendant ATG through its agents, employees or servants has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers from the wrongful behaviors complained of above.

229. As a direct and proximate result of the foregoing, the plaintiff has suffered damages.

      WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT THIRTY ONE
### GEORGE BRAGEL V. ATG
### INVASION OF PRIVACY

230. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

231. Upon information and belief, Defendant ATG  through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, credit reports and discussing the Plaintiff's private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

232. Upon information and belief, Defendant ATG through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly publishing private and false facts about the Plaintiff and by disclosing the Plaintiff's account information to others and making false allegations to the Plaintiff.

233. Defendant ATG through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light – continuously and maliciously throughout the entire period since the plaintiff's account was assigned or transferred to ATG.

234. The wrongful behavior which began on or about August 1, 2012, worsening in September and continuing into October, 2012 was all an Invasion of the Plaintiff's Privacy.

**WHEREFORE, the plaintiff respectfully requests judgment as set forth below.**

## COUNT THIRTY TWO
## GEORGE BRAGEL V. ATG
## VIOLATION OF THE FAIR DEBT COLLECTION ACT

235. **The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.**
236. **Defendant ATG through its agents, employees or servants s actions in trying to collect a debt which never existed is a gross violation of the Federal Fair Debt Collection Act.**
237. **The Defendant ATG knew or should have known that the Plaintiff never owed any balance to any of the Defendants.**
238. **The Defendant ATG or its agents, employees or servants, also knew or should have known that the Plaintiff had raised concerns about the Defendant ATG or its agents, employees or servants unfair and deceptive business practices regarding the Plaintiff's account - to various employees and agents of the Defendant ATG on several occasions.**

**WHEREFORE, the plaintiff respectfully requests judgment as set forth below.**

## COUNT THIRTY THREE
## GEORGE BRAGEL V. ATG
### LIBEL

239. **The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.**
240. **Defendant ATG through its agents, employees or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.**
241. **Defendant ATG or its agents, employees or servants has made, through its agents, servants or employees, scores of false and demeaning statements in writing to scores of people about the plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, defamed the plaintiff, and even accused him of criminal behavior.**
242. **All those acts were done with malicious intent to harm the plaintiff sand did indeed cause the plaintiff great harm.**

**WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.**

## COUNT THIRTY FOUR
## GEORGE BRAGEL V. ATG
### SLANDER

243. The plaintiff realleges and incorporates herein the allegations
contained in the paragraphs above.

244. Defendant ATG through its agents, employees or servants has
committed scores of acts of oral defamation, in which their agents,
employees or servants told scores of people untruths about the
plaintiff and said untruths that did damage the reputation of the
plaintiff and caused the plaintiff great suffering.

245. Defendant ATG has made, through its agents, employees or servants,
scores of false and demeaning oral statements to scores of people
about the plaintiff. Those statements were and are untrue and attacked
the plaintiff's character, defamed the plaintiff and accused him of
criminal behavior.

246. All those oral statements were done by the defendant ATG through its
agents, employees or servants, with malicious intent to harm the
plaintiff and did indeed cause the plaintiff great harm.

**WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.**

## THIRTY FIVE
## GEORGE BRAGEL V ATG
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

247. Plaintiff repeats and reavers the allegations set forth in all
Paragraphs above as if expressly rewritten and set forth herein.

248. The defendant ATG through its agents, employees or servants has
engaged in a pattern of intentional outrageous and extreme conduct
that goes beyond The bounds of human decency against the plaintiff.

249. The defendant ATG either through its agents, employees or servants,
carried out an ongoing behavior pattern that far surpassed mere
insults, annoyances, indignities and other trivialities.

250. The behavior of the defendant ATG through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

251. The behavior of the defendant ATG through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

252. The defendant ATG or its agents, employees or servant's actions were clearly intentional and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

253. As a proximate result of defendant ATG or its agents, employees or servant's intentional acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT THIRTY SIX
## GEORGE BRAGEL V ATG
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

254. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.

255. The defendant ATG through its agents, employees or servants, engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

256. The defendant ATG or its agents, employees or servants ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

257. The behavior of the defendant ATG through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

258. The behavior of the defendant ATG through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

259. The defendant ATG, through its agents, employees or servants actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

260. As a proximate result of defendant's negligent acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT THIRTY SEVEN
### SHIRLEY BRAGEL V. AAP, INC
### BREACH OF CONTACT

261.     The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

262. On or about January 1, 2006, the plaintiff entered into a contract with the defendant AAPDOT who was to provide an auto parts for the plaintiff on a continuous basis.

263. The contract was for 30 days net with no interest on the account.

264. The plaintiff fully performed under the contract.

265. The defendant AAP, INC breached the contract by engaging co-defendants HSBC and ATG as its credit providing source without any notice to the plaintiff.

266. HSBC imposed new rules and regulations upon the plaintiff without notice.

267. The defendant, AAP, INC by not informing the plaintiff about the change in account rules breached the contract between the parties.

268. In assigning the account to  collection agencies, the co-defendants HSBC and ATG, the defendant AAP, INC and/or AAPDOT further breached the contact between the parties.

269. As a direct and approximate result of the   defendant's breach of the contract, the plaintiff has suffered damages.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT THIRTY EIGHT
## SHIRLEY BRAGEL V. AAP, INC
## BREACH OF CONTRACT

270. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

271. The behavior of the defendant AAP, INC through its agents, employees or servants in this case all violated the covenant of good faith and fair dealing inherent in every contract.

272. As a direct and approximate result of the defendant's breach of the covenant of good faith and fair dealing inherent in every contract, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT TTHIRTY NINE
## SHIRLEY BRAGEL V. AAP, INC
## CHAPTER 93A

73. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

273. At all times relevant hereto, AAP, iNC was engaged in trade or commerce within the meaning of M.G.L. c.93A.

274. At all times relevant hereto, Plaintiff was also engaged in trade or commerce within the meaning of M.G.L. c.93A.

275. As both parties were at all times relevant hereto, engaged in trade or commerce within the meaning of M.G.L. c.93A, these were transactions covered under Mass Gen Laws Chapter 93A.

276. Defendant AAP, INC through its agents, employees or servants behavior, including the fraudulent attempts to defraud the plaintiff of his funds represents unconscionable behavior, behavior which shocks the conscience. It is settled law in Massachusetts and across the land that unfair and deceptive business practices bring with it higher levels of punishment.

277. The defendant AAP, INC through its agents, employees or servants has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers from the wrongful behaviors complained of above.

278. As a direct and proximate result of the foregoing, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT FORTY
## SHIRLEY BRAGEL V. AAP, INC
## INVASION OF PRIVACY

279. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

280. Upon information and belief, Defendant AAP, INC through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, credit reports and discussing the Plaintiff's private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

281. Upon information and belief, Defendant AAP, INC through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly publishing private and false facts about the Plaintiff and by disclosing the Plaintiff's account information to others and making false allegations to the Plaintiff.

282. Defendant AAP, INC through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light – continuously and maliciously throughout the entire period since the plaintiff's account was assigned or transferred to either HSBC or ATG perform.

283. The wrongful behavior which began on or about August 1, 2012, worsening in September and continuing into October, 2012 was all an Invasion of the Plaintiff's Privacy.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT FORTY ONE
## SHIRLEY BRAGEL V. AAP, INC
## VIOLATION OF THE FAIR DEBT COLLECTION ACT

284. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

285. Defendant AAP, INC through its agents, employees or servants s
actions in trying to collect a debt which never existed is a gross
violation of the Federal Fair Debt Collection Act.

286. The Defendant AAP, INC knew or should have known that the Plaintiff
never owed any balance to any of the Defendants.

287. The Defendant AAP, INC or its agents, employees or servants, also
knew or should have known that the Plaintiff had raised concerns about
the Defendant AAP, INC or its agents, employees or servants unfair and
deceptive business practices regarding the Plaintiff's account - to
various employees and agents of the Defendant AAP, INC on several
occasions.

WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.

COUNT FORTY TWO
SHIRLEY BRAGEL V. AAP, INC
LIBEL

288. The plaintiff realleges and incorporates herein the allegations
contained in the paragraphs above.

289. Defendant AAP, INC through its agents, employees or servants has
caused writings to be distributed which attacked the plaintiff's
character and defamed the plaintiff.

290. Defendant AAP, INC or its agents, employees or servants has made,
through its agents, servants or employees, scores of false and
demeaning statements in writing to scores of people about the plaintiff.
Those statements in writing were and are untrue and attacked the
plaintiff's character, defamed the plaintiff, and even accused him of
criminal behavior.

291. All those acts were done with malicious intent to harm the plaintiff
sand did indeed cause the plaintiff great harm.

WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.

COUNT FORTY THREE
SHIRLEY BRAGEL V. AAP, INC
SLANDER

292. The plaintiff realleges and incorporates herein the allegations
contained in the paragraphs above.

293. Defendant AAP, INC through its agents, employees or servants has committed scores of acts of oral defamation, in which their agents, employees or servants told scores of people untruths about the plaintiff and said untruths that did damage the reputation of the plaintiff and caused the plaintiff great suffering.

294. Defendant AAP, INC has made, through its agents, employees or servants, scores of false and demeaning oral statements to scores of people about the plaintiff. Those statements were and are untrue and attacked the plaintiff's character, defamed the plaintiff and accused him of criminal behavior.

295. All those oral statements were done by the defendant AAP, INC through its agents, employees or servants, with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT FORTY FOUR
## SHIRLEY BRAGEL V AAP, INC
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

296. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.

297. The defendant AAP, INC through its agents, employees or servants has engaged in a pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

298. The defendant AAP, INC either through its agents, employees or servants, carried out an ongoing behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.

299. The behavior of the defendant AAP, INC through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

300. The behavior of the defendant AAP, INC through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

301. The defendant AAP, INC or its agents, employees or servant's actions were clearly intentional and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

302. As a proximate result of defendant AAP, INC or its agents, employees or servant's intentional acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


   **WHEREFORE, the plaintiff respectfully requests judgment as set forth below.**

### COUNT FORTY FIVE
### SHIRLEY BRAGEL V AAP, INC
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS


303. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.
304. The defendant AAP, INC through its agents, employees or servants, engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.
305. The defendant's AAP, INC or its agents, employees or servants ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.
306. The behavior of the defendant  AAP, INC through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.
307. The behavior of the defendant AAP, INC through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.
308. The defendant's AAP, INC through its agents, employees or servants actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.
309. As a proximate result of defendant's negligent acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


   **WHEREFORE, the plaintiff respectfully requests judgment as set forth below.**

## COUNT FORTY SIX
### SHIRLEY BRAGEL V. AAPDOT
### BREACH OF CONTACT

310.    The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

311. On or about January 1, 2006, the plaintiff entered into a contract with the defendant AAPDOT who was to provide an auto parts for the plaintiff on a continuous basis.

312. The contract was for 30 days net with no interest on the account.

313. The plaintiff fully performed under the contract.

314. The defendant AAPDOT breached the contract by engaging co-defendants HSBC and ATG as its credit providing source without any notice to the plaintiff.

315. HSBC imposed new rules and regulations upon the plaintiff without notice.

316. The defendant, AAPDOT by not informing the plaintiff about the change in account rules breached the contract between the parties.

317. In assigning the account to collection agencies, the co-defendants HSBC and ATG, the defendant AAPDOT and/or AAP, INC further breached the contact between the parties.

318. As a direct and approximate result of the defendant's breach of the contract, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT FORTY SEVEN
### SHIRLEY BRAGEL V. AAPDOT
### BREACH OF CONTRACT

319. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

320. The behavior of the defendant AAPDOT through its agents, employees or servants in this case all violated the covenant of good faith and fair dealing inherent in every contract.

321. As a direct and approximate result of the defendant's breach of the covenant of good faith and fair dealing inherent in every contract, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT FORTY EIGHT
## SHIRLEY BRAGEL V. AAPDOT
## CHAPTER 93A

322.    The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

323. At all times relevant hereto, AAPDOT was engaged in trade or commerce within the meaning of M.G.L. c.93A.

324. At all times relevant hereto, Plaintiff was also engaged in trade or commerce within the meaning of M.G.L. c.93A.

325. As both parties were at all times relevant hereto, engaged in trade or commerce within the meaning of M.G.L. c.93A, these were transactions covered under Mass Gen Laws Chapter 93A.

326. Defendant AAPDOT through its agents, employees or servant's behavior, including the fraudulent attempts to defraud the plaintiff of his funds represents unconscionable behavior, behavior which shocks the conscience. It is settled law in Massachusetts and across the land that unfair and deceptive business practices bring with it higher levels of punishment.

327. The defendant AAPDOT through its agents, employees or servants has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers from the wrongful behaviors complained of above.

328. As a direct and proximate result of the foregoing, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT TFORTY NINE
## SHIRLEY BRAGEL V. AAPDOT
## INVASION OF PRIVACY

329. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

330. Upon information and belief, Defendant AAPDOT  through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, credit reports and discussing the Plaintiff's private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

331. Upon information and belief, Defendant AAPDOT through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly publishing private and false facts about the Plaintiff and by disclosing the Plaintiff's account information to others and making false allegations to the Plaintiff.

332. Defendant AAPDOT through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light – continuously and maliciously throughout the entire period since the plaintiff's account was assigned or transferred to either HSBC or ATG perform.

333. The wrongful behavior which began on or about August 1, 2012, worsening in September and continuing into October, 2012 was all an Invasion of the Plaintiff's Privacy.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT FIFTY
## SHIRLEY BRAGEL V. AAPDOT
## VIOLATION OF THE FAIR DEBT COLLECTION ACT

334. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

335. Defendant AAPDOT through its agents, employees or servant's s actions in trying to collect a debt which never existed is a gross violation of the Federal Fair Debt Collection Act.

336. The Defendant AAPDOT knew or should have known that the Plaintiff never owed any balance to any of the Defendants.

337. The Defendant AAPDOT or its agents, employees or servants, also knew or should have known that the Plaintiff had raised concerns about the Defendant AAPDOT or its agents, employees or servants unfair and deceptive business practices regarding the Plaintiff's account - to various employees and agents of the Defendant AAPDOT on several occasions.

**WHEREFORE, the plaintiff respectfully requests judgment as set forth below.**

## COUNT FIFTY ONE
### SHIRLEY BRAGEL V. AAPDOT
### LIBEL

338. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

339. Defendant AAPDOT through its agents, employees or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.

340. Defendant AAPDOT or its agents, employees or servants has made, through its agents, servants or employees, scores of false and demeaning statements in writing to scores of people about the plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, defamed the plaintiff, and even accused him of criminal behavior.

341. All those acts were done with malicious intent to harm the plaintiff sand did indeed cause the plaintiff great harm.

**WHEREFORE, the plaintiff respectfully requests judgment as set forth below.**

## COUNT FIFTY TWO
### SHIRLEY BRAGEL V. AAPDOT
### SLANDER

342. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

343. Defendant AAPDOT through its agents, employees or servants has committed scores of acts of oral defamation, in which their agents, employees or servants told scores of people untruths about the plaintiff and said untruths that did damage the reputation of the plaintiff and caused the plaintiff great suffering.

344. Defendant AAPDOT has made, through its agents, employees or servants, scores of false and demeaning oral statements to scores of people about the plaintiff. Those statements were and are untrue and attacked the plaintiff's character, defamed the plaintiff and accused him of criminal behavior.

345. All those oral statements were done by the defendant AAPDOT through its agents, employees or servants, with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

**WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.**

## COUNT FIFTY THREE
## SHIRLEY BRAGEL V AAPDOT
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

346. Plaintiff repeats and reavers the allegations set forth in all
Paragraphs above as if expressly rewritten and set forth herein.

347. The defendant AAPDOT through its agents, employees or servants has
engaged in a pattern of intentional outrageous and extreme conduct
that goes beyond the bounds of human decency against the plaintiff.

348. The defendant AAPDOT either through its agents, employees or
servants, carried out an ongoing behavior pattern that far surpassed
mere insults, annoyances, indignities and other trivialities.

349. The behavior of the defendant AAPDOT through its agents, employees
or servants was far beyond outrageous and extreme conduct and
went far beyond the bounds of common human decency and was so
egregious that a reasonable and prudent human being such as the
plaintiff was unable to tolerate such conduct.

350. The behavior of the defendant AAPDOT through its agents, employees
or servants was atrocious and beyond all bounds tolerated in a
civilized society.

351. The defendant AAPDOT or its agents, employees or servant's actions
were clearly intentional and malicious and were done solely for the
purpose of causing the Plaintiff to suffer humiliation, mental anguish
and emotional and physical distress.

352. As a proximate result of defendant AAPDOT or its agents, employees
or servant's intentional acts the Plaintiff has been humiliated,
embarrassed, emotionally distressed, and has been severely injured
in both mind and body.

**WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.**

## COUNT FIFTY FOUR
## SHIRLEY BRAGEL V AAPDOT
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

353. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.

354. The defendant AAPDOT through its agents, employees or servants, engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

355. The defendant's AAPDOT or its agents, employees or servants ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

356. The behavior of the defendant  AAPDOT through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

357. The behavior of the defendant AAPDOT through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

358. The defendant's AAPDOT through its agents, employees or servants actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

359. As a proximate result of defendant's negligent acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT FIFTY FIVE

### SHIRLEY BRAGEL V. HSBC

### BREACH OF CONTACT

360. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

361. On or about January 1, 2006, the plaintiff entered into a contract with the defendant AAPDOT who was to provide an auto parts for the plaintiff on a continuous basis. Because of its role as agent of AAPDOT, HSBC is bound by the contract between the parties.

362. The contract was for 30 days net with no interest on the account.

363. The plaintiff fully performed under the contract.

364. The defendant HSBC as agent of AAPDOT also breached the contract by engaging co-defendant  ATG as its collection agency without any notice to the plaintiff.

365. HSBC as agent of AAP, INC and AAPDOT imposed new rules and regulations upon the plaintiff without notice.

366. The defendant, HSBC, by not informing the plaintiff about the change in account rules breached the contract already in place between the parties.

367. In assigning the account to a collection agency, defendant HSBC and the defendant AAPDOT and/or AAP, INC further breached the contact between the parties.

368. As a direct and approximate result of the defendant's breach of the contract, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT FIFTY SIX
## SHIRLEY BRAGEL V. HSBC
## BREACH OF CONTRACT

369. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

370. The behavior of the defendant HSBC through its agents, employees or servants in this case all violated the covenant of good faith and fair dealing inherent in every contract.

371. As a direct and approximate result of the defendant's breach of the covenant of good faith and fair dealing inherent in every contract, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT FIFTY SEVEN
## SHIRLEY BRAGEL V. HSBC
## CHAPTER 93A

372.      The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

373.      At all times relevant hereto, HSBC was engaged in trade or commerce within the meaning of M.G.L. c.93A.

374. At all times relevant hereto, Plaintiff was also engaged in trade or commerce within the meaning of M.G.L. c.93A.

375. As both parties were at all times relevant hereto,  engaged in trade or commerce within the meaning of M.G.L. c.93A, these were transactions covered under Mass Gen Laws Chapter 93A.

376. Defendant HSBC through its agents, employees or servants behavior, including the fraudulent attempts to defraud the plaintiff of his funds represents unconscionable behavior, behavior which shocks the conscience. It is settled law in Massachusetts and across the land that unfair and deceptive business practices bring with it higher levels of punishment.

377. The defendant HSBC through its agents, employees or servants has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers from the wrongful behaviors complained of above.

378. As a direct and proximate result of the foregoing, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT FIFTY EIGHT
### SHIRLEY BRAGEL V. HSBC
### INVASION OF PRIVACY

379. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

380. Upon information and belief, Defendant HSBC  through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, credit reports and discussing the Plaintiff's private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

381. Upon information and belief, Defendant HSBC through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly publishing private and false facts about the Plaintiff and by disclosing the Plaintiff's account information to others and making false allegations to the Plaintiff.

382. Defendant HSBC through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light – continuously and maliciously throughout the entire period since the plaintiff's account was assigned or transferred to ATG perform.

383.  The wrongful behavior which began on or about August 1, 2012,   .
      worsening in September and continuing into October, 2012 was all an
      Invasion of the Plaintiff's Privacy.


      WHEREFORE, the plaintiff respectfully requests judgment
      as set forth below.

## COUNT FIFTY NINE
## SHIRLEY BRAGEL V. HSBC
## VIOLATION OF THE FAIR DEBT COLLECTION ACT

384.  The plaintiff realleges and incorporates herein the allegations
      contained in the paragraphs above.
385.  Defendant HSBC through its agents, employees or servant's actions in
      trying to collect a debt (THROUGH ITS AGENTS) which never existed is
      a gross violation of the Federal Fair Debt Collection Act.
386.  The Defendant HSBC knew or should have known that the Plaintiff
      never owed any balance to any of the Defendants.
387.  The Defendant HSBC or its agents, employees or servants, also knew
      or should have known that the Plaintiff had raised concerns about the
      Defendant HSBC or its agents, employees or servants unfair and
      deceptive business practices regarding the Plaintiff's account - to
      various employees and agents of the Defendant HSBC on several
      occasions.


      WHEREFORE, the plaintiff respectfully requests judgment
      as set forth below.

## COUNT SIXTY
## SHIRLEY BRAGEL V. HSBC
### LIBEL

388. The plaintiff realleges and incorporates herein the allegations
      contained in the paragraphs above.
389. Defendant HSBC through its agents, employees or servants has caused
      writings to be distributed which attacked the plaintiff's character and
      defamed the plaintiff.
390. Defendant HSBC or its agents, employees or servants has made,
      through its agents, servants or employees, scores of false and
      demeaning statements in writing to scores of people about the plaintiff.

Those statements in writing were and are untrue and attacked the plaintiff's character, defamed the plaintiff, and even accused him of criminal behavior.

391. All those acts were done with malicious intent to harm the plaintiff sand did indeed cause the plaintiff great harm.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT SIXTY ONE
### SHIRLEY BRAGEL V. HSBC
### SLANDER

392. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

393. Defendant HSBC through its agents, employees or servants has committed scores of acts of oral defamation, in which their agents, employees or servants told scores of people untruths about the plaintiff and said untruths that did damage the reputation of the plaintiff and caused the plaintiff great suffering.

394. Defendant HSBC has made, through its agents, employees or servants, scores of false and demeaning oral statements to scores of people about the plaintiff. Those statements were and are untrue and attacked the plaintiff's character, defamed the plaintiff and accused him of criminal behavior.

395. All those oral statements were done by the defendant HSBC through its agents, employees or servants, with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT SIXTY TWO
### SHIRLEY BRAGEL V HSBC
### INTENTIONAL INFLICTION OF
### EMOTIONAL DISTRESS

396. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.

397. The defendant **HSBC** through its agents, employees or servants has engaged in a pattern of intentional outrageous and extreme conduct that goes beyond The bounds of human decency against the plaintiff.

398. The defendant **HSBC** either through its agents, employees or servants, carried out an ongoing behavior pattern that far surpassed mere insults, annoyances, indignities and other trivialities.

399. The behavior of the defendant **HSBC** through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

400. The behavior of the defendant **HSBC** through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

401. The defendant **HSBC** or its agents, employees or servant's actions were clearly intentional and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

402. As a proximate result of defendant **HSBC** or its agents, employees or servant's intentional acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT SIXTY THREE
### SHIRLEY BRAGEL V HSBC
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS


403. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.

404. The defendant **HSBC** through its agents, employees or servants, engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

405. The defendant's **HSBC** or its agents, employees or servants ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

406. The behavior of the defendant HSBC through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

407. The behavior of the defendant HSBC through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

408. The defendant's HSBC through its agents, employees or servants actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

409. As a proximate result of defendant's negligent acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

### COUNT SIXTY FOUR
### SHIRLEY BRAGEL V.ATG
### BREACH OF CONTRACT

410. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

411. On or about January 1, 2006, the plaintiff entered into a contract with the defendant AAPDOT who was to provide an auto parts for the plaintiff on a continuous basis. Because of its role as agent of AAPDOT, ATG is bound by the contract between the parties.

412. The contract was for 30 days net with no interest on the account.

413. The plaintiff fully performed under the contract.

414. The defendant ATG as agent of AAPDOT, AAP, INC AND HSBC also breached the contract by its collection activity without any notice to the plaintiff.

415. ATG was acting as an agent of its co-defendants who had imposed new rules and regulations upon the plaintiff without notice.

416. The defendant, ATG, by not informing the plaintiff about the change in account rules breached the contract between the parties.

417. The assigning of the account to ATG, defendant HSBC and the defendant **AAPDOT** and/or AAP, INC and ATG all further breached the contact between the parties.

418. As a direct and approximate result of the defendant's breach of the contract, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT SIXTY FIVE
## SHIRLEY BRAGEL V. ATG
## BREACH OF CONTRACT

419. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

420. The behavior of the defendant ATG through its agents, employees or servants in this case all violated the covenant of good faith and fair dealing inherent in every contract.

421. As a direct and approximate result of the defendant's breach of the covenant of good faith and fair dealing inherent in every contract, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT SIXTY SIX
## SHIRLEY BRAGEL V. ATG
## CHAPTER 93A

422. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

423. At all times relevant hereto, ATG was engaged in trade or commerce within the meaning of M.G.L. c.93A.

424. At all times relevant hereto, Plaintiff was also engaged in trade or commerce within the meaning of M.G.L. c.93A.

425. As both parties were at all times relevant hereto, engaged in trade or commerce within the meaning of M.G.L. c.93A, these were transactions covered under Mass Gen Laws Chapter 93A.

426. Defendant ATG through its agents, employees or servants behavior, including the fraudulent attempts to defraud the plaintiff of his funds represents unconscionable behavior, behavior which shocks the conscience. It is settled law in Massachusetts and across the land that unfair and deceptive business practices bring with it higher levels of punishment.

427. The defendant ATG through its agents, employees or servants has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers from the wrongful behaviors complained of above.

428. As a direct and proximate result of the foregoing, the plaintiff has suffered damages.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT SIXTY SEVEN
## SHIRLEY BRAGEL V. ATG
## INVASION OF PRIVACY

429. The plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

430. Upon information and belief, Defendant ATG  through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly intruding in all of the Plaintiff's affairs – through accessing his credit accounts, credit reports and discussing the Plaintiff's private account issues with others and continually issuing derogatory statements regarding the Plaintiff which were false.

431. Upon information and belief, Defendant ATG through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by constantly publishing private and false facts about the Plaintiff and by disclosing the Plaintiff's account information to others and making false allegations to the Plaintiff.

432. Defendant ATG through its agents, employees or servants has regularly invaded the Privacy of the Plaintiff by putting the Plaintiff in a false light – continuously and maliciously throughout the entire period since the plaintiff's account was assigned or transferred to ATG.

433. The wrongful behavior which began on or about August 1, 2012, worsening in September and continuing into October, 2012 was all an Invasion of the Plaintiff's Privacy.

WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.

## COUNT SIXTY EIGHT
## SHIRLEY BRAGEL V. ATG
## VIOLATION OF THE FAIR DEBT COLLECTION ACT

434. The plaintiff realleges and incorporates herein the allegations
contained in the paragraphs above.

435. Defendant ATG through its agents, employees or servants s actions in
trying to collect a debt which never existed is a gross violation of the
Federal Fair Debt Collection Act.

436. The Defendant ATG knew or should have known that the Plaintiff
never owed any balance to any of the Defendants.

437. The Defendant ATG or its agents, employees or servants, also knew or
should have known that the Plaintiff had raised concerns about the
Defendant ATG or its agents, employees or servants unfair and
deceptive business practices regarding the Plaintiff's account - to
various employees and agents of the Defendant ATG on several
occasions.

WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.

## COUNT SIXTY NINE
## SHIRLEY BRAGEL V. ATG
### LIBEL

438. The plaintiff realleges and incorporates herein the allegations
contained in the paragraphs above.

439. Defendant ATG through its agents, employees or servants has caused
writings to be distributed which attacked the plaintiff's character and
defamed the plaintiff.

440. Defendant ATG or its agents, employees or servants has made,
through its agents, servants or employees, scores of false and
demeaning statements in writing to scores of people about the plaintiff.
Those statements in writing were and are untrue and attacked the
plaintiff's character, defamed the plaintiff, and even accused him of
criminal behavior.

441. All those acts were done with malicious intent to harm the plaintiff
sand did indeed cause the plaintiff great harm.

WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.

## COUNT SEVENTY
### SHIRLEY BRAGEL V. ATG
### SLANDER

442. The plaintiff realleges and incorporates herein the allegations
contained in the paragraphs above.

443. Defendant ATG through its agents, employees or servants has
committed scores of acts of oral defamation, in which their agents,
employees or servants told scores of people untruths about the
plaintiff and said untruths that did damage the reputation of the
plaintiff and caused the plaintiff great suffering.

444. Defendant ATG has made, through its agents, employees or servants,
scores of false and demeaning oral statements to scores of people
about the plaintiff. Those statements were and are untrue and attacked
the plaintiff's character, defamed the plaintiff and accused him of
criminal behavior.

445. All those oral statements were done by the defendant ATG through its
agents, employees or servants, with malicious intent to harm the
plaintiff and did indeed cause the plaintiff great harm.


WHEREFORE, the plaintiff respectfully requests judgment
as set forth below.

## COUNT SEVENTY ONE
### SHIRLEY BRAGEL V ATG
### INTENTIONAL INFLICTION OF
### EMOTIONAL DISTRESS

446. Plaintiff repeats and reavers the allegations set forth in all
Paragraphs above as if expressly rewritten and set forth herein.

447. The defendant ATG through its agents, employees or servants has
engaged in a pattern of intentional outrageous and extreme conduct
that goes beyond The bounds of human decency against the plaintiff.

448. The defendant ATG either through its agents, employees or servants,
carried out an ongoing behavior pattern that far surpassed mere
insults, annoyances, indignities and other trivialities.

449. The behavior of the defendant ATG through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

450. The behavior of the defendant ATG through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

451. The defendant ATG or its agents, employees or servant's actions were clearly intentional and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

452. As a proximate result of defendant ATG or its agents, employees or servant's intentional acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.


WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

## COUNT SEVENTY TWO
## SHIRLEY BRAGEL V ATG
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

453. Plaintiff repeats and reavers the allegations set forth in all Paragraphs above as if expressly rewritten and set forth herein.

454. The defendant ATG through its agents, employees or servants, engaged in a pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

455. The defendant ATG or its agents, employees or servants ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

456. The behavior of the defendant ATG through its agents, employees or servants was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

457. The behavior of the defendant ATG through its agents, employees or servants was atrocious and beyond all bounds tolerated in a civilized society.

458. The defendant ATG, through its agents, employees or servants actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

459. As a proximate result of defendant's negligent acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, and has been severely injured in both mind and body.

WHEREFORE, the plaintiff respectfully requests judgment as set forth below.

# PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally as follows:

a. A determination that all defendants breached the contract between the parties;

b. A determination that all the Defendant's business practices and actions or failures to act appropriately,  constituted a violation of the Mass General Laws Chapter 93A;

c. A determination of the amount of actual special and general damages appropriate for violations of Mass General laws Chapter 93A in this context;

d. A determination of the amount of statutory damages and civil penalties appropriate for violations of the Mass General Laws Chapter 93A in this context;

e. A determination of the amount of statutory damages and civil penalties appropriate for Invasion of Privacy in this context;

f. A determination of the amount of statutory damages and civil penalties appropriate for violation of the Fair Debt Collection Act in this context;

g. A determination of the amount of statutory damages and civil penalties appropriate for the Intentional and Negligent Infliction of Emotional Distress in this context;

h. A determination of the amount of statutory damages and civil penalties appropriate for Libel in this context;

i. **A determination of the amount of statutory damages and civil penalties appropriate for Slander in this context;**

j. **costs;**

k. **attorney's fees, if the Plaintiff, now Pro Se, is forced to engage the services of an attorney;**

l. **Pre-judgment interest and Post-judgment interest; and**

m. **Any such other and further relief as the court finds necessary and proper**

# DEMAND FOR JURY TRIAL

**THE PLAINTIFF**
**PRO SE**

**GEORGE BRAGEL**
**85 CRABTREE ROAD**
**QUINCY, MA 02171**
**617 328 8753**

**THE PLAINTIFF**
**PRO SE**

**SHIRLEY BRAGEL**
**85 CRABTREE ROAD**
**QUINCY, MA 02171**
**617 328 8753**

**March 2, 2015**

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                      **QUINCY DISTRICT COURT**
                                     **CA No**

| | |
|---|---|
| **GEORGE BRAGEL,** | ) |
| **SHIRLEY BRAGEL** | ) |
| **PLAINTIFFS** | ) |
| | ) |
| **V.** | ) |
| | ) |
| **ADVANCE AUTO PARTS, INC** | ) |
| **ADVANCE AUTO PARTS** | ) |
| **OF DORCHESTER** | ) |
| **ATG CREDIT, LLC** | ) |
| **HSBC BUSINESS SOLUTIONS** | ) |
| **DEFENDANTS** | ) |
| | ) |

## PLAINTIFF SHIRLEY BRAGEL'S INTERROGATORIES TO DEFENDANT ATG CREDIT, LLC.

Plaintiff SHIRLEYBRAGEL hereby requests that the defendant ATG Credit, LLC ("ATG") answer the following interrogatories pursuant to Mass. R. Civ. P.

## I. DEFINITIONS

For the purpose of these interrogatories, the following terms shall mean as noted below.

A."Documents" shall mean, in the broadest sense, any written, recorded or graphic material, however produced or reproduced and any mechanical or electrical recording of the human voice or of any information or data, being both the "document" and any non-identical copy or duplicate, whether non-identical for any reason, including,

but not limited to telegrams; messages; letters; notes; tape or sound recording of any type of personal or telephone conversations or of meetings or conferences; speeches; addresses; notes; reports; record of meetings; memoranda; notices; inter-office communications; instructions; policy manuals or procedures; studies; analysis; records; surveys; bulletins; circulars; reports; tests; lists; books; summaries; comparisons; tabulations; results of investigations; financial statements; consultant or other reports of financial or operating results, whether made for internal use or otherwise, together with all supporting schedules, trial balances, journal entries, books of original entry and supporting source documents; profit and loss statements; balance sheets; audits; review; contracts; insurance policies; licenses; agreements; ledgers; books of account; papers filed with public or governmental authorities; vouchers; bank checks; invoices; expenses reports; charge slips; hotel charge; receipts; bills; working papers; statistical records; cost sheets; press releases; advertisements; public relation statements an materials; promotional materials; contract or bid proposals; abstracts of bids; booklets; pamphlets; stenographer's notebooks; telephone records or messages; desk calendars; appointment books; diaries; time sheets or logs; maps; data sheets; data processing cards; computer tapes; punched cards; microfilm, microfiche, or any records coded electrostatically, electromagnetically or otherwise, which are machine-readable; computer software programs, descriptions, dictionaries, training manuals or instructions; claim or transaction files; drawings, blueprints (including complete history of revisions), sketches, flow diagrams, photographs, notebooks, instructions, invoices, bills, receipt, specifications, or writings of similar kind.

B. "Plaintiff" shall mean the plaintiff, Shirley Bragel.

C. "Defendant" shall mean the defendant, ATG Credit, LLC, its attorneys, agents, servants and/or employees.

C. "The Debt" shall mean an alleged debt owed by Shirley Bragel, said debt allegedly for charges at Advance Auto Parts of 1432 Dorchester Avenue, Dorchester, Massachusetts.

## II. INSTRUCTIONS

In answering these Interrogatories, the following instructions shall be complied with:

A. The answering party is required to furnish such information as is available to him or her. Therefore, before answering these Interrogatories please make inquiry to any and all attorneys, agents, servants and/or employees and any and all relevant records, documents or materials which are available to the answering party.

B. Whenever information contained in the answer to any Interrogatory is not within the personal knowledge of the person answering these interrogatories, please specify, in addition to the answer, the (a) name and address of the person or persons supplying the information used in answering the Interrogatory, and (b) the document or documents used in answering the Interrogatory, including the production of any such document or documents.

C. Whenever an answer to an interrogatory contains the identity of some person or entity other than the answering party specify the name and address of such person and/or entity.

D. Whenever identification of documents is called for in these Interrogatories, legible copies of the documents shall be furnished in lieu of identification to the extent that the information called for is provided in the document.

E. Unless otherwise stated, all information requested shall be for the period of **JANUARY 1, 2010** to the present time, and continuing during the pendency of this action.

F. If the answering party objects to answering a particular Interrogatory, the specific ground for such objection shall be stated.

g. **If the answering party is unable to answer an interrogatory at the present time due to unavailability of information, and said information becomes available at a subsequent time, the answering party must seasonably supplement their answers to these interrogatories.**

## INTERROGATORIES

1. **Please state your name, home address, employer's name, employer's address, and, if the defendant is a corporation, your relationship or position with the defendant.**

2. **Please state the defendant's true name on the date of each occurrence as alleged in the plaintiff's complaint and, if the defendant is a corporation, sate the date and place of incorporation and whether the DEFENDANT was authorized to conduct business in Massachusetts.**

3. **Please identify by name, address and occupation every person having knowledge of the facts of the incidents alleged in the plaintiff's complaint.**

4. **Please describe in detail the relationship between the defendant and every person involved in the conduct alleged in plaintiff's complaint at the time the conduct occurred, included but not limited to, whether each person was authorized by defendant to engage in such conduct.**

5. **Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as violating the plaintiff's privacy rights.**

6. **Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as violating the plaintiff's privacy rights.**

7. **Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as to the intentional infliction of emotional distress upon the plaintiff.**

8. **Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as to the negligent infliction of emotional distress upon the plaintiff.**

9. **Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as violating the Federal Fair Debt collection Act.**

10. **Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as to the unfair and deceptive acts in violation of the Massachusetts Consumer Protection Act, Chapter 93A.**

11. **Please state the date and manner in which the defendant first learned of the occurrences alleged in the plaintiff's complaint.**

12. **If you contend that defendant's conduct, as alleged in the plaintiff's complaint, was reasonable under the circumstances, please state each and every fact on which that contention is based.**

13. **If you contend that defendant's conduct, as alleged in the plaintiff's complaint, or the intrusion resulting therefrom was trivial or insubstantial, please state each and every fact on which that contention is based.**

14.    If you contend that defendant's conduct, as alleged in the plaintiff's complaint, or the intrusion resulting therefrom was not serious, please state each and every fact on which that contention is based.

15.    Please describe in detail any conduct of the plaintiff that you contend caused or contributed to the incidents alleged in plaintiff's complaint, including in your answer:

A)    The date, time and place that all such conduct occurred:

B)    Exactly how you contend the plaintiff's conduct caused or contributed to the occurrences; and

C)    Each and every fact on which this contention is based.

16.    If you contend that the defendant's conduct, as alleged in plaintiff's complaint, did not interfere with or intrude on the plaintiff's privacy rights, please state each and every fact on which this contention is based.

17.    If you contend that the defendant's conduct, as alleged in plaintiff's complaint, regarding the Intentional Infliction of Emotional Distress, did not harm the plaintiff, please state each and every fact on which this contention is based.

18.    If you contend that the defendant's conduct, as alleged in plaintiff's complaint, regarding the Negligent Infliction of Emotional Distress, did not harm the plaintiff, please state each and every fact on which this contention is based.

19.    If you contend that the defendant's conduct, as alleged in plaintiff's complaint, did not violate the Federal Fair Debt Collection, did not harm the plaintiff, please state each and every fact on which this contention is based.

20.     If you contend that the defendant's conduct, as alleged in plaintiff's complaint, regarding the violation of the Massachusetts Consumer Protection Act, did not harm the plaintiff, please state each and every fact on which this contention is based.

21.     Please describe in detail each and every communication, whether written, oral or electronic, between the plaintiff and the defendant concerning the matters alleged in plaintiff's complaint, including:

   a)   The date, time and place of each such communication;
   b)   The name address and relationship to the parties of this action of each and every person present at the time of each such communication;
   c)   The scope of the communication, including the names and addresses of each and every person to whom the matter was communicated; and
   d)   The substance of each such communication.

22.     If you contend that the plaintiff's injuries and damages, as alleged in plaintiff's complaint, were the result of the conduct of third parties, for whose conduct the defendant is not liable, please state:

   a)   The name, home address, employer's name, employer's address and relationship, if any, to the defendant for each and every such person;
   b)   The precise nature of the conduct that you contend caused or contributed to the plaintiff's alleged injuries or damages;
   c)   The date, time and place of each such conduct, including the name of each person involved in that conduct; and
   d)   Each and every fact on which this contention is based.

23.     Please identify each and every policy, rule or regulation that the defendant has promulgated or adopted with respect to the matters alleged in plaintiff's complaint, including in you answer the substance of each said policy, rule or regulation.

24.     Please identify by name, home address, employer's name, employer's address and relationship, if any, to the defendant the custodians of their information regarding the plaintiff as involved in the matters alleged in plaintiff's complaint.

25.     Please describe the nature of any information, maintained, held or otherwise in possession of the defendant regarding the plaintiff, as alleged in plaintiff's complaint.

26.     If you contend the information regarding the plaintiff as alleged in plaintiff's complaint is not personal information regarding the plaintiff, please state each and every fact on which that contention is based.

27.   If you contend that the information regarding the plaintiff as alleged in plaintiff's complaint is not intimate details of a highly personal nature regarding the plaintiff, please state each and every fact on which this contention is based. And, if you contend that the disclosure of the information regarding the plaintiff, as alleged in the plaintiff's complaint was not an unwarranted invasion of the plaintiff's privacy rights, please state each and every fact on which this contention is based.

28.     If you contend that the plaintiff did not have a reasonable expectation of privacy with respect to the information regarding the plaintiff, as alleged in the plaintiff's complaint was not an unwarranted invasion of the plaintiff's privacy rights, please state each and every fact on which this contention is based.

29.     If the defendant contends that it, or the general public, had a legitimate interest in the matters alleged in the plaintiff's complaint that form the basis for the plaintiff's claim or invasion of privacy, please state the exact nature of that interest and each and every fact on which this contention is based.

30.     If you contend that the defendant's legitimate business interests outweigh the plaintiff's privacy interests, please state:

a)     The exact nature of the defendant's legitimate business interests;

b)     Each and every fact on which this contention is based.

THE PLAINTIFF
PRO SE

SHIRLEY BRAGEL
85 CRABTREE ROAD
QUINCY, MA 02171
617 328 8753

FEBRUARY 25, 201

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                          **QUINCY DISTRICT COURT**
                                         **CA No**

| | |
|---|---|
| **GEORGE BRAGEL,** | ) |
| **SHIRLEY BRAGEL** | ) |
|    **PLAINTIFFS** | ) |
| | ) |
| **V.** | ) |
| | ) |
| **ADVANCE AUTO PARTS, INC** | ) |
| **ADVANCE AUTO PARTS** | ) |
| **OF DORCHESTER** | ) |
| **ATG CREDIT, LLC** | ) |
| **HSBC BUSINESS SOLUTIONS** | ) |
|    **DEFENDANTS** | ) |

## REQUESTS FOR ADMISSIONS

The undersigned, George Bragel, pursuant to Rule 36 of the Massachusetts Rules of Civil Procedure, requests the Defendant, ATG to admit, pursuant to the following instructions, the truth of the matters set out below for the purposes of this action.

## INSTRUCTIONS

1. Rule 36(a) provides that each matter requested to be admitted specifically (i) denying the matter or (ii) setting forth in detail why you cannot truthfully admit or deny the matter; or (b) a written objection addressed to the matter, signed by you or your attorney.

2. You may not give lack of information or knowledge as a reason for your failure to admit or deny a matter unless you state in writing that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to

deny.   Your inquiry is reasonable when (1) you make inquiry of your principals, agents, employees, attorneys, representative, any persons acting or purporting to act on your behalf, and any other persons in active concert and participation with you, whether past or present and without regard to whether or not their relationship with you currently exists or has been terminated, and (2) you examine any and all documents or tangible things in your possession, custody, or control that in any way refer or relate to the matter requested to be admitted.   Any assertion of lack of information or knowledge as a reason for failure to admit or deny must be signed by you under the penalties of perjury.

3. Rule 36(a) requires that any denial by you of a matter requested to be admitted must fairly meet the substance of the requested admission and that when good faith requires that an answer be qualified or a part of the request be denied such qualification or denial must be specific and admit that part of the requested admission that is true.   It is not a sufficient answer that a request presents a genuine issue for trial.   If you deny any answer that a request presents a genuine issue for trial.   If you deny any matter requested to be admitted and the truth of the request is eventually proved at trial, Rule 37(c) provides that you may be ordered to pay to the party making these requests the reasonable expenses incurred in proving the matters requested to be admitted, including reasonable attorney's fees.   Each denial of a request for admission or a qualification must be made under the penalties of perjury.

4. You are required, if you object to any request on the grounds of privilege, work product, trade secret, or any other grounds, to state for each such objection the precise nature of the objection made and a complete description of all facts, if any, upon which you or your counsel rely in making the objection.

5. Rule 36(a) requires that each admission, denial, objection, or statement shall be preceded by the request to which it responds.

6. YOU ARE SPECIFICALLY REQUESTED PURSUANT TO RULE 26(e)(3) TO SUPPLEMENT SEASONABLY ALL OF YOUR ANSWERS TO THESE REQUESTS TO INCLUDE ANY INFORMATION ACQUIRED BY YOU AFTER THE DATE OF YOUR ANSWERS.

# REQUESTS FOR ADMISSION

**The facts you are requested to admit for the purposes of this action only are:**

1. **Admit that the Defendant never sent any communications (except invoices) to the plaintiff, between the dates of June 1, 2012 up to and until including the filing of this lawsuit.**

2. **Admit that the defendant has no "Lien" on any property of the plaintiff.**

3. *Admit that the defendant received notice of this dispute from the plaintiff, by CERTIFIED mail in the form of a 93A demand letter dated October 19 , 2012.*

4. **Admit that the defendant never provided a written response to that 93A demand letter.**

5. **Admit that the defendant or defendant's agents made several dunning telephone calls to the Plaintiff during the period from August, 2012 to October, 2012.**

6. **Admit that the defendant AAP, INC vchanged the terms of the contract between the parties from an "Interest Free" account to an Interest Bearing" account at some time in 2011 because of your company's involvement with AAP, INC..**

7. **Admit that the plaintiff was never advised of the change in the account, not of its assignment or transfer.**

8. **Admit that the defendant, through its agents or employees, regularly dunned plaintiff for payments since January, 2012.**

9. **Admit that the plaintiff gave Defendant and its agents notice to cease billing him because of defendant's failure to provide plaintiff with an accounting.**

10. **Admit that HSBS and ATG have created substantial consumer complaints for AAP, INC during the period from January 2011 to present.**

11. **Admit that several consumers have filed claims against your company for the types of behavior noted in the complaint filed herewith.**

12.   Admit that it is an unfair practice to threaten alleged debtors when trying to collect money from them.

13.   Admit that it is an unfair practice to disclose any information about your customers to any third party.

14.   Admit that it is an unfair practice to discuss a person's alleged debt with any third party.

15.   Admit that it is an unfair practice to harass an alleged debtor.

16.   Admit it is an unfair practice to fail to provide an accounting if a customer requests one on his account.

17.   Admit that is a violation of the Fair Debt Collection Act to use collection activity when an account is disputed.

18.   Admit that your company has taken no steps whatsoever to resolve the complaints of the plaintiff which were lodged against your company in October 2012.

19.   Admit that the account in question was assigned or transferred to HSBC Business Solutions.

20.   Admit that after that assignment or transfer to HSBC Business Solutions, that the account was subsequently assigned or transferred to ATG Credit, LLC.

THE PLAINTIFF
PRO SE

GEORGE BRAGEL
85 CRABTREE ROAD
QUINCY, MA 02171
617 328 8753

March 2, 2015

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                                    **QUINCY DISTRICT COURT**
                                                   **CA No**


| | |
|---|---|
| **GEORGE BRAGEL,** | ) |
| **SHIRLEY BRAGEL** | ) |
| **PLAINTIFFS** | ) |
| | ) |
| **V.** | ) |
| | ) |
| **ADVANCE AUTO PARTS, INC** | ) |
| **ADVANCE AUTO PARTS** | ) |
| **OF DORCHESTER** | ) |
| **ATG CREDIT, LLC** | ) |
| **HSBC BUSINESS SOLUTIONS** | ) |
| **DEFENDANTS** | ) |

## REQUESTS FOR ADMISSIONS

**The undersigned, Shirley Bragel, pursuant to Rule 36 of the Massachusetts Rules of Civil Procedure, requests the Defendant, ATG to admit, pursuant to the following instructions, the truth of the matters set out below for the purposes of this action.**

### INSTRUCTIONS

1. **Rule 36(a) provides that each matter requested to be admitted specifically (i) denying the matter or (ii) setting forth in detail why you cannot truthfully admit or deny the matter; or (b) a written objection addressed to the matter, signed by you or your attorney.**

2. **You may not give lack of information or knowledge as a reason for your failure to admit or deny a matter unless you state in writing that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to**

admit or deny.  Your inquiry is reasonable when (1) you make inquiry of your principals, agents, employees, attorneys, representative, any persons acting or purporting to act on your behalf, and any other persons in active concert and participation with you, whether past or present and without regard to whether or not their relationship with you currently exists or has been terminated, and (2) you examine any and all documents or tangible things in your possession, custody, or control that in any way refer or relate to the matter requested to be admitted.  Any assertion of lack of information or knowledge as a reason for failure to admit or deny must be signed by you under the penalties of perjury.

3. Rule 36(a) requires that any denial by you of a matter requested to be admitted must fairly meet the substance of the requested admission and that when good faith requires that an answer be qualified or a part of the request be denied such qualification or denial must be specific and admit that part of the requested admission that is true.  It is not a sufficient answer that a request presents a genuine issue for trial.  If you deny any answer that a request presents a genuine issue for trial.  If you deny any matter requested to be admitted and the truth of the request is eventually proved at trial, Rule 37(c) provides that you may be ordered to pay to the party making these requests the reasonable expenses incurred in proving the matters requested to be admitted, including reasonable attorney's fees.  Each denial of a request for admission or a qualification must be made under the penalties of perjury.

4. You are required, if you object to any request on the grounds of privilege, work product, trade secret, or any other grounds, to state for each such objection the precise nature of the objection made and a complete description of all facts, if any, upon which you or your counsel rely in making the objection.

5. Rule 36(a) requires that each admission, denial, objection, or statement shall be preceded by the request to which it responds.

6. YOU ARE SPECIFICALLY REQUESTED PURSUANT TO RULE 26(e)(3) TO SUPPLEMENT SEASONABLY ALL OF YOUR ANSWERS TO THESE REQUESTS TO INCLUDE ANY INFORMATION ACQUIRED BY YOU AFTER THE DATE OF YOUR ANSWERS.

# REQUESTS FOR ADMISSION

**The facts you are requested to admit for the purposes of this action only are:**

1. Admit that the Defendant never sent any communications the plaintiff, between the dates of June 1, 2012 up to and until including the filing of this lawsuit.

2. Admit that the defendant has no "Lien" on any property of the plaintiff.

3. Admit that the defendant received a cease and desist email from the plaintiff on October 16, 2012.

4. *Admit that the defendant received notice of this dispute from the plaintiff, by CERTIFIED mail in the form of a 93A demand letter dated October 19 , 2012.*

5. Admit that the defendant never provided a written response to that 93A demand letter.

6. Admit that the defendant or defendant's agents made several dunning telephone calls to the Plaintiff during the period from August, 2012 to October, 2012.

7. Admit that the defendant AAP, INC changed the terms of the contract between the parties from an "Interest Free" account to an Interest Bearing" account at some time in 2011 because of HBSC's involvement with AAP, INC..

8. Admit that the plaintiff was never advised of the change in the account, not of its assignment or transfer.

9. Admit that the defendant, through its agents or employees, regularly dunned plaintiff for payments since August 2012.

10. Admit that the plaintiff gave Defendant and its agents notice to cease billing him because of defendant's failure to provide plaintiff with an accounting.

11. Admit that HSBS and ATG have created substantial consumer complaints for AAP, INC during the period from January 2011 to

12.    Admit that it is an unfair practice to threaten alleged debtors when trying to collect money from them.

13.    Admit that it is an unfair practice to discuss a person's alleged debt with any third party.

14.    Admit that it is an unfair practice to harass an alleged debtor.

15.    Admit it is an unfair practice to fail to provide an accounting if a customer requests one on his account.

16.    Admit that is a violation of the Fair Debt Collection Act to use collection activity when an account is in dispute.

17.    Admit that your company has taken no steps whatsoever to resolve the complaints of the plaintiff which were lodged against your company in 2012.

18.    Admit that the account in question was assigned or transferred to HSBC Business Solutions.

19.    Admit that after that assignment or transfer to HSBC Business Solutions, that the account was subsequently assigned or transferred to ATG Credit, LLC.


THE PLAINTIFF
PRO SE

SHIRLEY BRAGEL
85 CRABTREE ROAD
QUINCY, MA 02171
617 328 8753


March 2, 2015

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                          **QUINCY DISTRICT COURT**
                                         **CA No**


| | |
|---|---|
| **GEORGE BRAGEL,** | ) |
| **SHIRLEY BRAGEL** | ) |
|    **PLAINTIFFS** | ) |
| | ) |
| **V.** | ) |
| | ) |
| **ADVANCE AUTO PARTS, INC** | ) |
| **ADVANCE AUTO PARTS** | ) |
| **OF DORCHESTER** | ) |
| **ATG CREDIT, LLC** | ) |
| **HSBC BUSINESS SOLUTIONS** | ) |
|    **DEFENDANTS** | ) |


### PLAINTIFF SHIRLEY BRAGEL'S REQUESTS
### FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
### ATG CREDIT, LLC.

      Plaintiff Shirley Bragel hereby requests, pursuant to Mass R. Civ. P., that the defendant ATG Credit, LLC. ("ATG") produce the documents described herein to be sent to the plaintiffs' address, 85 Crabtree Road, Quincy, MA, 02171 on or before the 50th day after service of this request upon it.


For the purpose of these requests, the following terms shall mean as noted below.

### I. DEFINITIONS

A. "Documents" shall mean, in the broadest sense, any written, recorded or graphic material, however produced or reproduced and any mechanical or electrical recording of the human voice or of any information or data, being both the "document" and any non-identical

copy or duplicate, whether non-identical for any reason, including, but not limited to telegrams; messages; letters; notes; tape or sound recording of any type of personal or telephone conversations or of meetings or conferences; speeches; addresses; notes; reports; record of meetings; memoranda; notices; inter-office communications; instructions; policy manuals or procedures; studies; analysis; records; surveys; bulletins; circulars; reports; tests; lists; books; summaries; comparisons; tabulations; results of investigations; financial statements; consultant or other reports of financial or operating results, whether made for internal use or otherwise, together with all supporting schedules, trial balances, journal entries, books of original entry and supporting source documents; profit and loss statements; balance sheets; audits; review; contracts; insurance policies; licenses; agreements; ledgers; books of account; papers filed with public or governmental authorities; vouchers; bank checks; invoices; expenses reports; charge slips; hotel charge; receipts; bills; working papers; statistical records; cost sheets; press releases; advertisements; public relation statements an materials; promotional materials; contract or bid proposals; abstracts of bids; booklets; pamphlets; stenographer's notebooks; telephone records or messages; desk calendars; appointment books; diaries; time sheets or logs; maps; data sheets; data processing cards; computer tapes; punched cards; microfilm, microfiche, or any records coded electrostatically, electromagnetically or otherwise, which are machine-readable; computer software programs, descriptions, dictionaries, training manuals or instructions; claim or transaction files; drawings, blueprints (including complete history of revisions), sketches, flow diagrams, photographs, notebooks, instructions, invoices, bills, receipt, specifications, or writings of similar kind.

B.  "Defendant" shall mean the defendant, ATG Credit, LLC, its attorneys, agents, servants and/or employees.

C.  "The Debt" shall mean any alleged debt owed by either George or Shirley Bragel, said debt allegedly for charges at Advance Auto Parts of 1432 Dorchester Avenue, Dorchester, Massachusetts.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All letters, notes, records, papers or other documents containing or referring in any way to any communication between the defendant and the plaintiff with respect to the defendant's conduct, the plaintiff's claims, or any other matter alleged in the plaintiff's complaint.

2.     All investigative or incident reports regarding the matters alleged in the plaintiff's complaint prepared by the defendant, its agents, servants or employees, on anyone acting on the defendant's behalf.

3. All statements of the plaintiff, whether written or transcribed, from any source regarding the matters alleged in the plaintiff's complaint.

4.     All statements of the plaintiff, whether written or transcribed, from anyone having knowledge of the matters alleged in the plaintiff's complaint or in defendants answer to plaintiff's complaint.

5. All documents that relate in any way to the defenses raised by the defendant in its answers to plaintiff's complaint, including, but not limited to any release, waiver or consent by the plaintiff.

6.     All reports, memoranda, emails, electronic transmissions, that reflect or evidence the Invasion of Privacy by the defendant as alleged in the plaintiff's complaint.

7.     All reports, memoranda, emails, electronic transmissions, that reflect or evidence the Intentional Infliction of Emotional distress by the defendant as alleged in the plaintiff's complaint.

8.    All reports, memoranda, emails, electronic transmissions, that reflect or evidence the Negligent Infliction of Emotional Distress by the defendant as alleged in the plaintiff's complaint.

9.    All reports, memoranda, emails, electronic transmissions, that reflect or evidence the violations of the Federal Fair Debt Collection Act by the defendant as alleged in the plaintiff's complaint.

10.    All reports, memoranda, emails, electronic transmissions, that reflect or evidence the violations of the Massachusetts Consumer Protection Act by the defendant as alleged in the plaintiff's complaint.

11.    The curriculum Vitae for each and every expert witness the defendant expects to call as a witness at the trial of this matter.

12.    All documents evidencing a publication of defamatory statements about the plaintiff to any third person.

13.    All documents the defendant intends to introduce at trial.

14.    All documents concerning the testimony that defendants expect their expert witnesses to offer at trial of this matter, including without limitation:

a)    Documents and/or records that any such expert witness has studied or will study in connection with his or her testimony;
b)    Studies concluded by the expert witness;
c)    Expert reports submitted to defendants; and
d)    Preliminary documents generated by any expert witness but not included in the expert report.

15.    All documents concerning experts the defendants have consulted but do not anticipate calling as witnesses to testify at the trail of this matter, including without limitation, any reports by any consulting expert(s) to defendant.

16.    Copies of any complaints or reports made by the plaintiff to anyone else concerning the facts alleged in the plaintiff's complaint.

17.    Copies of any and all communications by, between or among the defendant or any governmental, law enforcement or other industry-related entity concerning the facts alleged in the plaintiff's complaint.

18.    Copies of any and all documentation of claims, other than the instant claim, made against the defendant for alleged emotional distress within the period from January 1, 2009 to present.

19.    Copies of any and all documentation of claims, other than the instant claim, made against the defendant for alleged Invasion of Privacy within the period from January 1, 2009 to present.

20.    Copies of any and all documentation of claims, other than the instant claim, made against the defendant for alleged Violation of GL c 93A within the period from January 1, 2009 to present.

21.    Copies of any and all documentation of claims, other than the instant claim, made against the defendant for the freezing of accounts within the period from January 1, 2009 to present.

22.     All documents not covered by any of the above Requests
concerning plaintiff's claim that the defendant, or its agents,
servants or employee's defamed the plaintiff and/or any defenses
to the same.


                                        THE PLAINTIFF
                                        PRO SE

                                        SHIRLEY BRAGEL
                                        85 CRABTREE ROAD
                                        QUINCY, MA 02171
                                        617 328 8753


March 2, 2015

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                           **QUINCY DISTRICT COURT**
                                          **CA No**


| | |
|---|---|
| **GEORGE BRAGEL,** | ) |
| **SHIRLEY BRAGEL** | ) |
| **PLAINTIFFS** | ) |
| | ) |
| **V.** | ) |
| | ) |
| **ADVANCE AUTO PARTS, INC** | ) |
| **ADVANCE AUTO PARTS** | ) |
| **OF DORCHESTER** | ) |
| **ATG CREDIT, LLC** | ) |
| **HSBC BUSINESS SOLUTIONS** | ) |
| **DEFENDANTS** | ) |

### PLAINTIFF GEORGE BRAGEL'S REQUESTS
### FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
### ATG CREDIT, LLC.

     **Plaintiff George Bragel hereby requests, pursuant to Mass R. Civ. P., that the defendant ATG Credit, LLC. ("ATG") produce the documents described herein to be sent to the plaintiffs' address, 85 Crabtree Road, Quincy, MA, 02171 on or before the 50th day after service of this request upon it.**

**For the purpose of these requests, the following terms shall mean as noted below.**

### I. DEFINITIONS

**A. "Documents" shall mean, in the broadest sense, any written, recorded or graphic material, however produced or reproduced and any mechanical or electrical recording of the human voice or of any information or data, being both the "document" and any non-identical**

copy or duplicate, whether non-identical for any reason, including, but not limited to telegrams; messages; letters; notes; tape or sound recording of any type of personal or telephone conversations or of meetings or conferences; speeches; addresses; notes; reports; record of meetings; memoranda; notices; inter-office communications; instructions; policy manuals or procedures; studies; analysis; records; surveys; bulletins; circulars; reports; tests; lists; books; summaries; comparisons; tabulations; results of investigations; financial statements; consultant or other reports of financial or operating results, whether made for internal use or otherwise, together with all supporting schedules, trial balances, journal entries, books of original entry and supporting source documents; profit and loss statements; balance sheets; audits; review; contracts; insurance policies; licenses; agreements; ledgers; books of account; papers filed with public or governmental authorities; vouchers; bank checks; invoices; expenses reports; charge slips; hotel charge; receipts; bills; working papers; statistical records; cost sheets; press releases; advertisements; public relation statements an materials; promotional materials; contract or bid proposals; abstracts of bids; booklets; pamphlets; stenographer's notebooks; telephone records or messages; desk calendars; appointment books; diaries; time sheets or logs; maps; data sheets; data processing cards; computer tapes; punched cards; microfilm, microfiche, or any records coded electrostatically, electromagnetically or otherwise, which are machine-readable; computer software programs, descriptions, dictionaries, training manuals or instructions; claim or transaction files; drawings, blueprints (including complete history of revisions), sketches, flow diagrams, photographs, notebooks, instructions, invoices, bills, receipt, specifications, or writings of similar kind.

B.   "Defendant" shall mean the defendant, ATG Credit, LLC, its attorneys, agents, servants and/or employees.

C.   "The Debt" shall mean an alleged debt owed by either George or Shirley Bragel, said debt allegedly for charges at Advance Auto Parts of 1432 Dorchester Avenue, Dorchester, Massachusetts.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All letters, notes, records, papers or other documents containing or referring in any way to any communication between the defendant and the plaintiff with respect to the defendant's conduct, the plaintiff's claims, or any other matter alleged in the plaintiff's complaint.

2.     All investigative or incident reports regarding the matters alleged in the plaintiff's complaint prepared by the defendant, its agents, servants or employees, on anyone acting on the defendant's behalf.

3. All statements of the plaintiff, whether written or transcribed, from any source regarding the matters alleged in the plaintiff's complaint.

4.     All statements of the plaintiff, whether written or transcribed, from anyone having knowledge of the matters alleged in the plaintiff's complaint or in defendants answer to plaintiff's complaint.

5. All documents that relate in any way to the defenses raised by the defendant in its answers to plaintiff's complaint, including, but not limited to any release, waiver or consent by the plaintiff.

6.     All reports, memoranda, emails, electronic transmissions, that reflect or evidence the Invasion of Privacy by the defendant as alleged in the plaintiff's complaint.

7.     All reports, memoranda, emails, electronic transmissions, that reflect or evidence the Intentional Infliction of Emotional distress by the defendant as alleged in the plaintiff's complaint.

8.      All reports, memoranda, emails, electronic transmissions, that reflect or evidence the Negligent Infliction of Emotional Distress by the defendant as alleged in the plaintiff's complaint.

9.      All reports, memoranda, emails, electronic transmissions, that reflect or evidence the violations of the Federal Fair Debt Collection Act by the defendant as alleged in the plaintiff's complaint.

10.     All reports, memoranda, emails, electronic transmissions, that reflect or evidence the violations of the Massachusetts Consumer Protection Act by the defendant as alleged in the plaintiff's complaint.

11.     The curriculum Vitae for each and every expert witness the defendant expects to call as a witness at the trial of this matter.

12.     All documents evidencing a publication of defamatory statements about the plaintiff to any third person.

13.     All documents the defendant intends to introduce at trial.

14.     All documents concerning the testimony that defendants expect their expert witnesses to offer at trial of this matter, including without limitation:

a)     Documents and/or records that any such expert witness has studied or will study in connection with his or her testimony;
b)     Studies concluded by the expert witness;
c)     Expert reports submitted to defendants; and
d)     Preliminary documents generated by any expert witness but not included in the expert report.

15.     All documents concerning experts the defendants have consulted but do not anticipate calling as witnesses to testify at the trail of this matter, including without limitation, any reports by any consulting expert(s) to defendant.

16.     Copies of any complaints or reports made by the plaintiff to anyone else concerning the facts alleged in the plaintiff's complaint.

17.     Copies of any and all communications by, between or among the defendant or any governmental, law enforcement or other industry-related entity concerning the facts alleged in the plaintiff's complaint.

18.     Copies of any and all documentation of claims, other than the instant claim, made against the defendant for alleged emotional distress within the period from January 1, 2009 to present.

19.     Copies of any and all documentation of claims, other than the instant claim, made against the defendant for alleged Invasion of Privacy within the period from January 1, 2009 to present.

20.     Copies of any and all documentation of claims, other than the instant claim, made against the defendant for alleged Violation of GL c 93A within the period from January 1, 2009 to present.

21.     Copies of any and all documentation of claims, other than the instant claim, made against the defendant for the freezing of accounts within the period from January 1, 2009 to present.

22.     All documents not covered by any of the above Requests
concerning plaintiff's claim that the defendant, or its agents,
servants or employee's defamed the plaintiff and/or any defenses
to the same.

THE PLAINTIFF
PRO SE

GEORGE BRAGEL
85 CRABTREE ROAD
QUINCY, MA 02171
617 328 8753

March 2, 2015